168 N.J. Super. 7 (1979)
401 A.2d 691
JOHN VANN, PETITIONER-RESPONDENT,
v.
M.P. GODKIN MFG. CO., RESPONDENT-RESPONDENT, AND SECOND INJURY FUND, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 23, 1979.
Decided May 1, 1979.
Before Judges CONFORD, PRESSLER and KING.
Mr. Robert J. Haws, Deputy Attorney General, argued the cause for appellant Second Injury Fund (Mr. John *8 J. Degnan, Attorney General of New Jersey, attorney; Ms. Erminie L. Conley, Deputy Attorney General, of counsel).
Mr. Frank X. Cardiello argued the cause for respondent M.P. Godkin Mfg. Co. (American Mutual Ins. Co.) (Messrs. Galvin & Arnold, attorneys; Mr. Alfred A. Arnold on the brief).
Mr. Robert W. Frieland argued the cause for respondent M.P. Godkin Mfg. Co. (Hartford Insurance Company) (Mr. Henry S. Buchanan, attorney).
Messrs. Freeman, Friedman, Wilson & Carney, attorneys for respondent John Vann (Mr. Herman M. Wilson on the brief).
PER CURIAM.
The only meritorious issue purported to be presented by this appeal on behalf of the Second Injury Fund ("Fund") is whether the advisory report of the judge of compensation recommending Fund liability for payment of petitioner's permanent total disability award beyond the initial statutory period of 450 weeks was justified by the facts and the law. The judge found such Fund liability, within the criteria laid down in Paul v. Baltimore Upholstering Co., 66 N.J. 111 (1974), on the basis that there were discrete elements of disability resulting from surgery consequent upon an earlier accident causally unrelated to the occurrence of or the condition arising from a later accident.
We are constrained to dismiss this appeal for lack of jurisdiction in the court. There is no reviewable judgment or decision before us for review, either final or interlocutory. The advisory report rendered by the sitting judge of compensation was entered pursuant to N.J.S.A. 34:15-95.1, which reads:
Application for benefits under this act shall be made by a verified petition filed in duplicate within two years after the date of the last *9 payment of compensation by the employer or the insurance carrier addressed to the Commissioner of Labor of the State of New Jersey who shall refer it to a Deputy Commissioner of Workmen's Compensation to hear testimony and for an advisory report as to findings * * *. The decision, however, as to whether the petitioner shall or shall not be admitted to the benefits shall be rendered by said Commissioner of Labor. Review of said decision shall be in accordance with section 34:15-66 of the Revised Statutes. * * * [Emphasis supplied][1]
N.J.S.A. 34:15-66, in turn, permits appeal of a "judgment" of a judge of compensation to the Appellate Division of the Superior Court. We have no doubt that the decision of the Commissioner of Labor and Industry on a report by a judge of compensation is also so appealable. R. 2:2-3(a) (2). It is evident from the statutory scheme that no judicial review of an "advisory report" by a judge of compensation is contemplated, but only of the "decision" of the Commissioner of Labor and Industry on the report of the former.
The notice of appeal in this case purports to be from the "final judgment" of the Division of Workers' Compensation. There obviously is as yet no "final," or indeed any other kind of "judgment" or decision in the Division in respect of Fund liability. The Commissioner of Labor and Industry subsequently entered an order withholding decision on the advisory report pending termination of this appeal. This was improper. It was the statutory obligation of the Commissioner to act on the report prior to judicial review.
The Attorney General justifies this appeal on the ground of the prior practice of filing similar appeals from advisory reports on behalf of the Fund prior to action by the Commissioner without objection by the appellate courts. He cites no case, however, validating the practice or expressly sustaining the jurisdiction of the court in the face of the express provisions of the controlling statute quoted above.
*10 It would appear to us that the statutory requirement of intermediate administrative review of quasi-judicial determinations in the Division as to Fund liability serves no justifiable functional purpose. It seems to be inconsistent with the plenary quasi-judicial powers of judges of compensation in all other proceedings under the act. We recommend legislative attention to this problem. But so long as the statute remains in effect it commands obedience by the courts. It is the duty of the Commissioner to render a decision on the advisory report. Thereafter any party in interest may appeal such decision.
The appeal is dismissed.
NOTES
[1] Although the text of the statute has not been amended, the former Deputy Commissioners are now judges of compensation and the Commissioner of Labor is now Commissioner of Labor and Industry. The adjudicative powers and duties of each of these officers remain the same.