FRANK LEWICKI, PETITIONER–APPELLANT, v. NEW JERSEY
ART FOUNDRY, RESPONDENT–RESPONDENT, AND THE
SECOND INJURY FUND, RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 27, 1980—Decided November 7, 1980.

Before Judges ALLCORN, KOLE and PRESSLER.

*Samuel L. Marciano* argued the cause for appellant (*Florio, Dunn & Marciano*, attorneys).

*Kathleen S. Murphy* argued the cause for respondent New Jersey Art Foundry (*Connell, Foley & Geiser*, attorneys; *George J. Kenny*, of counsel).

*Lois J. Gregory*, Deputy Attorney General, argued the cause for respondent Commissioner of Labor & Industry as custodian of the Second Injury Fund (*John J. Degnan*, Attorney General, attorney; *Michael R. Cole*, Assistant Attorney General, of counsel).

The opinion of the court was delivered by

PRESSLER, J. A. D.

This is a workers' compensation case implicating questions of Second Injury Fund liability.

Petitioner Frank Lewicki was found by the judge of workers' compensation to be totally and permanently disabled as the combined result of the consequences of an industrial accident, an occupational pulmonary disease and a preexisting hypertensive condition. It was the judge's further finding that 10% of total disability was attributable to the occupational disease, 67% of total was attributable to the sequelae of the accident and that

petitioner had also sustained a compensable partial binaural hearing loss, which was chargeable to his employer. The judgment entered against the employer–respondent therefore awarded petitioner 77% of total permanent disability and a 30% binaural hearing loss for a total of 406½ weeks of compensation.

In addition to the foregoing, the judge rendered an advisory opinion on petitioner's claim against the Second Injury Fund recommending Fund liability for the difference between the total permanent disability maximum of 450 weeks and the 406½ weeks charged against the employer. That recommendation was based on the judge's finding that the preexisting hypertension which combined with the compensable injuries to make petitioner totally disabled was an "other cause" which, pursuant to *N.J.S.A.* 34:15–95, rendered petitioner eligible for Second Injury Fund benefits. The Commissioner of Labor and Industry rejected the judge's recommendation and petitioner appeals.

■ Our review of the record persuades us that we must uphold the Commissioner's action. In a well–reasoned decision and order, the Commissioner concluded on the basis of the record that petitioner had failed to meet his burden of proving that the preexisting hypertensive disease upon which the judge predicated Fund liability constituted a permanent, disabling condition which was fixed, measurable and arrested at the time of the compensable injury. *See Katz v. Howell Tp.*, 68 *N.J.* 125 (1975); *Paul v. Baltimore Upholstering Co.*, 66 *N.J.* 111 (1974); *Morello v. Baldanza Bakery, Inc.*, 105 *N.J.Super.* 575 (App.Div. 1969). We are satisfied not only that the substantial credible evidence supports this conclusion but further that the judge's contrary conclusion lacked adequate record support.

We are aware of the potential anomaly of contrary findings by the judge and Commissioner and the prejudice potentially resultant therefrom when a petitioner is, as here, supportably found to be totally disabled. Indeed, this court has already recommended to the Legislature its reconsideration of the present decisional scheme of Fund liability whereby the judge

recommends and the Commissioner decides, to the end that the judge be accorded dispositive adjudicative authority. *See Vann v. M.P. Godkin Mfg. Co.*, 168 *N.J.Super.* 7, 10 (App.Div.1979). And we are further aware of the recent decision in *Delesky v. Tasty Baking Co.*, 175 *N.J.Super.* 513 (App.Div.1980) (decided September 29, 1980), in which the procedural anomaly was addressed by enunciation of a rule binding the Commissioner to the judge's recommendation if that recommendation is itself supported by substantial credible evidence. While we appreciate the policy concerns underlying *Delesky*, we nevertheless question the susceptibility of the present statutory scheme to the constraints which its holding would impose upon the Commissioner's right to independently review and evaluate the record. In any event, even if *Delesky* were the law, we are satisfied, as we have already noted, that the judge's recommendation did not rest upon an adequate evidential basis.

Our conclusion that the Commissioner's decision requires affirmance does not, however, end the matter. Since the Commissioner's rejection of the judge's recommendation was not based upon any disagreement with the judge on his finding of petitioner's total and permanent disability but only with the judge's conclusions respecting Fund eligibility based on the causative component of the preexisting noncompensable condition, and since the finding of total and permanent disability is virtually unchallenged, we are of the view that petitioner should be entitled to whatever benefits remain legally available to him.

In this regard we note that petitioner stated at the outset of trial that he was relying on the so-called odd-lot doctrine as an alternative theory for recovery of total disability benefits, an announcement which, we further note, elicited no objection from respondent. The odd-lot theory was, however, never fully explored or addressed at all by the judge because of his conviction that the causes of the total disability invoked Second Fund liability. It is clear, moreover, that a total unemployability attendant upon a less than totally disabling compensable event

might invoke Fund liability or might invoke the odd–lot doctrine or might invoke neither. Clearly, it could not invoke both. Since Fund liability is no longer an available option here, we are satisfied that the interests of fairness and substantial justice require that petitioner now be given the opportunity for full recovery based on the odd–lot doctrine. Certainly, the record already made below would support at least a *prima facie* case for applicability of the odd–lot doctrine since it does appear that petitioner, while not totally disabled by the compensable event, may nevertheless be unemployable by reason of the "handicaps personal to the worker over and above the limitations on work capacity directly produced by his accidental injury." *Germain v. Cool–Rite Corp.*, 70 *N.J.* 1, 9 (1976). Nor, we are satisfied, is there anything in the judge's findings already made which can be regarded as fatally inconsistent with his reconsideration of the matter, with such additional proofs as the parties deem appropriate, in order to determine the applicability of the odd–lot doctrine here.[1]

One final issue has been here raised and that is whether *N.J.A.C.* 12:235–5.62, which permits petitioner's medical testimo-

---

[1]Petitioner's separate claim petitions against the employer–respondent and the Second Injury Fund were consolidated by the Division of Workers' Compensation prior to trial. The notice of appeal expressly challenges only the order of the Commissioner denying Fund eligibility and not the judgment of the judge of workers' compensation allocating to the employer–respondent responsibility for 77% (plus the hearing loss) of the total disability. The employer–respondent, however, is a party to this appeal and has filed a brief urging our reversal of the Commissioner's order. That position is necessarily predicated on the premise that petitioner indeed is totally disabled and implies concession of a prima facie entitlement of petitioner to an award, by whomever paid, based on total disability. Technically, the framing of the notice of appeal would preclude us from reversing and remanding the workers' compensation judgment. Nevertheless, considering all of the circumstances before us and in view of the consolidation below of the two matters and the presence before us of all parties, we are satisfied that the interests of justice require us, in effect, to order on our own motion, the reopening of the compensation matter as a technique for resolving, within the framework of the compensation judgment, the anomaly resultant from the contrary actions of the judge and the Commissioner.

ny to be submitted in report form where the respondent does not request cross–examination, also confers the right of requesting cross–examination on the Second Injury Fund. Although that issue need not be addressed here in view of our affirmance of the Commissioner's decision on other grounds, we nevertheless are satisfied that fundamental considerations of due process would require a construction of that regulation which would permit the Fund, in the same manner as an employer–respondent, to request cross–examination of petitioner's medical experts.

The decision of the Commissioner of Labor and Industry rejecting Second Injury Fund liability is affirmed. The matter is remanded to the Division of Workers' Compensation for supplementary consideration, on such hearing as it shall order, of the odd–lot doctrine.