105 N.J. Super. 575 (1969)
253 A.2d 583
ANTONIO MORELLO, PETITIONER-APPELLEE,
v.
BALDANZA BAKERY, INCORPORATED, RESPONDENT-APPELLANT,
v.
RAYMOND F. MALE, COMMISSIONER, DEPARTMENT OF LABOR & INDUSTRY AS TRUSTEE OF THE TWO PERCENT FUND, RESPONDENT-APPELLEE.
Superior Court of New Jersey, Appellate Division.
Argued April 28, 1969.
Decided May 16, 1969.
*577 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Joseph D. Haggerty argued the cause for appellant (Mr. John W. Taylor, attorney).
Mr. Thomas F. Shebell argued the cause for petitioner-appellee Antonio Morello.
Mr. Barry D. Goldman, Deputy Attorney General, argued the cause for respondent-appellee (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by KILKENNY, J.A.D.
In this workmen's compensation case all of the parties agree that petitioner is totally and permanently disabled and that he was employed by respondent Baldanza Bakery, Incorporated, on July 17, 1961, when he was injured in an accident arising out of and during the course of his employment. The accident resulted in the total and permanent uselessness of the left arm and hand.
The Division of Workmen's Compensation and the County Court, on appeal, concurred in finding that respondent employer was solely responsible to pay the benefits to which petitioner is statutorily entitled, and that the Two Percent Fund was not obligated to pay any part of the benefits under N.J.S.A. 34:15-95.
The employer appeals from the judgment of the County Court judgment, contending that petitioner's condition of "illiteracy," which pre-existed the happening of the accident, was such a preexisting condition within the intendment of N.J.S.A. 34:15-95 as to bring petitioner's case within the purview of the Two Percent Fund Act. Thus, the employer argues that the Fund should be required to pay part of the award under this statute. Both petitioner and the *578 Fund maintain that the County Court judgment was proper and should be affirmed.
Petitioner is a recent immigrant to this country and is unable to speak, understand or write English. He speaks only in his native Italian. His intelligence is on the low side of normal. There was testimony that the combined facts of his left arm condition and incapacity in English made him permanently unemployable.
The judgment in the Division of Workmen's Compensation fixing the award payable to petitioner also ordered that the Fund petition be dismissed. The judgment recites:
"8. There is no proof that the petitioner had any pre-existing disability with which the residual of the accident in combination resulted in total and permanent disability. The limited education, and the inability of the petitioner to read and write in any language, and the inability to speak or understand English are not preexisting disabilities, they were pre-existing conditions, but were part of the individual."
In a later advisory report of the judge of compensation to the Commissioner of Labor and Industry, which report was adopted in the decision of the Commissioner dismissing the petition for allowance from the Fund, it was stated that "the petitioner is in fact totally and permanently disabled from the residuals of the accident of July 17, 1961, in and of themselves, and that he is not in fact rendered totally and permanently disabled by reason of the residuals of the accident of July 17, 1961, together with the pre-existing conditions * * *." The County Court concurred in the foregoing determination. There was sufficient credible and substantial evidence in the trial record to support that finding. On the basis thereof, recourse to the Fund became inapplicable. N.J.S.A. 34:15-95.
The County Court based its affirmance of the Division's determination upon the narrower ruling that petitioner's preexisting condition of "literacy" is not a preexisting "cause" within the intendment of R.S. 34:15-95. That statute provides for payment from the Fund to
*579 "* * * persons totally disabled, as a result of experiencing a subsequent permanent injury under conditions entitling such persons to compensation therefor, when such persons had previously been permanently and partially disabled from some other cause; * * *." (Emphasis added)
The County Court, on the basis of a remand hearing, found that "petitioner is not suffering from a pre-existing psychological or physiological disorder which gives rise to illiteracy." While petitioner's "I.Q." is low, no expert testified that his learning ability was impaired to the extent that learning would be impossible. As the County Court observed:
"No testimony was offered describing brain damage or abnormalcy. * * *
Thus, it appears that the petitioner is not unable to learn English as the result of a pre-existing condition."
It concluded that petitioner's illiteracy and low intellectual ability are "a personality trait of the individual employee and not conditions of disability," within the meaning of the statute.
Petitioner's past job experience shows that he has worked as a mason's helper and as a baker's helper, neither of which required a high degree of skill. As the County Court properly noted, "the interpretation of the statute cannot be realistically and practically extended to cover such a situation as this."
In Wexler v. Lambrecht Foods, 64 N.J. Super. 489 (App. Div. 1960), certification denied 34 N.J. 326 (1961), we held that where a food route salesman's heart attack acted upon underlying and causally related physical conditions, from which the salesman had earlier suffered another heart attack and a stroke, the prior infirmities had not in any way impaired his ability to do his daily job, the employer was chargeable with the full compensation, and the One Percent (now Two Percent) Fund was not liable. We noted that the legislative intent was "to induce employers to co-operate in the hiring of persons previously disabled by eliminating the employer's *580 liability for an accident unrelated to the employment of the injured person" (at p. 504).
We also said in Wexler:
"Where, as in the instant case, an employee was a competent working unit, without any obvious physical incapacity, and the accident acting upon underlying and causally related physical conditions turned him into a person incapable of pursuing any gainful occupation, the employee's total disability is chargeable to the employment mishap and none of it is chargeable to the One Percent Fund." (at p. 504)
We contrasted the case of Richardson v. Essex, etc., Co., 119 N.J.L. 47 (E. & A. 1937), in which a one-legged employee received an injury to his remaining leg that, considered alone, would have resulted in 22% disability but since he had only one leg, it produced a total and permanent disability. There, the court adjudged that his employer pay compensation for the 22% partial disability only and that the Fund was liable for the remaining 78%. (64 N.J. Super., at p. 503).
We cannot discern any legislative intent to make the Two Percent Fund liable for payment of part of an employee's total disability, as interpreted under the Workmen's Compensation Act, where the preexisting factor was solely the poor literacy or low intelligence quotient of the injured employee.
In our view, the Legislature intended basically that the prior permanent disabling cause be of a physical or psysiological nature. We need not decide whether a previous psychological or neurological condition would also qualify, as the previous condition of this petitioner was properly found below not to partake of such character.
As was said in Schulman v. Male, 70 N.J. Super. 234 (App. Div. 1961), in denying recovery under the One Percent Fund, where the end result was due to the progression of a brain tumor, unaffected by the industrial accident:
*581 "If there is total disability and the facts do not satisfy the requirements of N.J.S.A. 34:15-95, either the employer is responsible or no one is responsible, as where the end result is due to advancing age. In re Glennon, 18 N.J. Misc. 196, 197, 12 A.2d 360 (C.P. 1940)." (at p. 241)
For the foregoing reasons, the judgment is affirmed.