R & S INVESTMENTS, A PARTNERSHIP, APPELLANT AND CROSS-RESPONDENT, v. MAX L. HOWARD AND GERALDINE K. HOWARD, RESPONDENTS AND CROSS-APPELLANTS.

No. 9655

April 16, 1979                           593 P.2d 53

*Deaner, Deaner & Reynolds,* Las Vegas, for Appellant and Cross-Respondent.

*Jerry J. Kaufman, Chartered,* Las Vegas, for Respondents and Cross-Appellants.

## OPINION

By the Court, MOWBRAY, C. J.:

The appellant brought this action seeking specific performance, or in the alternative damages, predicated upon a contract with respondents to purchase a parcel of real estate in Clark County.[1] The court below denied appellant any relief and this appeal followed. Respondents have also cross-appealed from the court's refusal to award them attorney's fees. We affirm the judgment in all respects.

## THE FACTS

On April 9, 1973, an Offer and Acceptance Agreement and Earnest Money Receipt was signed by A. D. Rosenzweig, acting for appellant, and by respondents. Respondents agreed to sell, and appellant agreed to buy, certain unimproved land for a total purchase price of $240,000, with a down payment of $69,900. The parties agreed to a 90 day escrow period, to open June 5, 1973. Escrow instructions, dated June 6, 1973, and signed by the same parties, acknowledged deposit of the $3,000 in escrow, and provided for the remainder of the down payment to be deposited with the escrow holder. The escrow instructions specifically provided that "Time is the essence of this agreement," and appellant was required to "comply with all the requirements hereof necessary to place this escrow in condition to close on or before September 5, 1973." The instructions also provided: "Either party claiming right of cancellation shall file notice for cancellation in the office of your [escrow] company, in writing, in duplicate."

During the escrow period, appellant made several requests for extension of the closing date, which were denied by respondents. On the evening of September 5, Rosenzweig deposited in escrow a check for $66,600. Approximately ten days later, the check was returned to the escrow holder,

---

[1]Appellant thereafter abandoned its claim for specific performance.

marked "insufficient funds". After learning of the return of the check, on or about September 17, respondents verbally notified the escrow holder that they were cancelling the escrow. Written notification of the cancellation was received by the escrow holder on September 19. On September 18, Rosenzweig attempted to deposit certified checks totalling $66,600, but was informed by the escrow holder that respondents had cancelled the escrow. The checks were returned to appellant.

On February 27, 1974, appellant instituted the present action, claiming that respondents had breached their agreement to sell the property. Respondents answered, denying breach and alleging that the contract was no longer in force as a result of appellant's failure to meet the September 5 deadline. Respondents also counterclaimed for damages, and for forfeiture of the $3,000 earnest money deposit. These counterclaims were not addressed in the trial briefs. Counsel for respondents represented to the court below, at trial, that he was pursuing the counterclaims "only to the point of attorney's fees and costs."

The trial court found in favor of respondents. Appellant contends that the court erred by refusing to find that appellant had a "reasonable time", or until receipt of notice of cancellation of the escrow, in which to make payment after the close of escrow on September 5. Respondents and cross-appellants contend that the court erred by failing to award them the $3,000 deposit and their attorney's fees.

## THE BREACH OF THE CONTRACT

The judgment of the trial court, denying appellant's claim for damages, was predicated upon its finding that "Plaintiff did not make legal tender on or before September 5, 1973," and its conclusion that the contract therefore "expired as a matter of law, at midnight, September 5, 1973, because of Plaintiff's failure to comply with the time of the essence provision."

The rule is well established that in order for a purchaser to successfully sue a vendor for damages for breach of a contract for the sale of land, the purchaser must show that he has performed all conditions precedent or concurrent, or that such performance has been excused. Hillman v. Busselle, 185 P.2d 311 (Ariz. 1947); Cook v. Nordstrand, 188 P.2d 282 (Cal.App. 1948). See Laand Corp. v. Firsching, 91 Nev. 271, 534 P.2d 916 (1975). As has been noted, 3A Corbin, *Contracts* § 634, at 36 (1960):

> In the case of an ordinary bilateral contract for the exchange of property for money, the duty of immediate performance by either party is generally conditional on a tender of the exchange performance by the other. If neither one makes such a tender neither one is guilty of a breach of legal duty (in the absence of a repudiation). If time of performance was expressly made "of the essence," failure to make tender within that time operates as a discharge of the other party. . . .

In the case at hand, appellant's tender of a subsequently dishonored check did not constitute payment of the amount required by the contract on September 5, 1973, which expressly provided that "time is of the essence." *See* Ruppert v. Edwards, 67 Nev. 200, 216 P.2d 616 (1950).

Appellant counters, however, with the suggestion that the terms of the contract were ambiguous, and that they negated any clear intention to make "time of the essence" of the agreement. Appellant relies on the provision of the escrow instructions authorizing the *escrow holder* to take any "administrative steps" necessary, after the closing date, to complete the escrow. This provision, however, may not be read to affect the clear and unambiguous requirement that the *purchaser* "comply with all the requirements . . . on or before September 5, 1973." *Compare* Katemis v. Westerlind, 261 P.2d 553 (Cal.App. 1953) (agent authorized to allow thirty day extension to *principals* after closing of escrow). Appellant also attempts to rely upon the provision for cancellation only upon written notice. However, this provision makes no reference to the obligations of the parties to comply with the closing date specified, and therefore may not be read to affect those requirements. *Compare* McCown v. Spencer, 87 Cal.Rptr. 213 (Cal.App. 1970) (provision specifically authorizing escrow holder to accept late compliance by principals prior to notification of cancellation.)

Since the escrow instructions clearly and unambiguously made time "of the essence" of the agreement, there is no basis for appellant's argument that by the terms of the contract he was entitled to tender payment within a "reasonable time", or prior to receipt of notice of cancellation, in order to avoid default.

Appellant also argues that respondents, by their conduct, waived any right to insist upon strict compliance with the terms of the contract. This contention is meritless. Respondents' conduct evidenced a clear and unwavering intent to insist upon

strict compliance with the September 5 deadline. Appellant's repeated requests for an extension prior to September 5 were consistently denied by respondents. Respondents gave notice of cancellation as soon as they learned that appellant's check of September 5 had not cleared. Appellant had no reason to believe that they would do otherwise.

Finally, we reject as spurious appellant's attempt to construe as a waiver respondents' failure to object to the deposit of the check, rather than cash, on September 5, and their subsequent "delay" in doing so until the check had been returned. The law regarding payment by check has been set forth by this court in Ruppert v. Edwards, *supra,* 67 Nev. at 215-20, 216 P.2d at 623-26. In sum, payment by check, without objection, does not discharge a debt until the check is honored. Once honored, the time of payment relates back to the time the check was delivered. If the check is *not honored,* however, the payment is not deemed made until cash is actually received or a subsequent check honored. The respondents in this case, having made no objection to the tender of the check on September 5, *could not know* whether appellant had complied with the terms of the contract until they learned whether the check had been honored. Failure to act prior to that time, therefore, may not be construed as a waiver of a known right.

We conclude that the trial court was correct in granting judgment for respondents. The contract clearly and unambiguously provided that time was the essence of the agreement. When appellant's September 5 check failed to clear, appellant had irrevocably breached its agreement to make payment of the balance of the down payment on or before that date. Respondents did not waive their right to insist upon compliance with the closing date deadline by their conduct either before or after September 5. Appellant does not contend that as of that date his performance was otherwise excused. Therefore, respondents' duty to comply with the contract was discharged, and appellant was not entitled to damages for breach of contract.

THE FORFEITURE OF THE EARNEST MONEY

The issue of forfeiture was neither argued nor briefed before the court below. Respondents explicitly denied any intent to pursue their counterclaims for relief at trial. They are therefore precluded from raising the issue on appeal. Cottonwood Cove Corp. v. Bates, 86 Nev. 751, 476 P.2d 171 (1970).

## THE ATTORNEY'S FEES

Although the Offer and Acceptance Agreement provided for the payment of reasonable attorney's fees, the court below, without stating its reasons, denied respondents' prayer for such an allowance. We believe, under the facts presented, that this was error and, therefore, we must remand the case for the sole purpose of making such a determination.

Otherwise, we affirm the judgment of the district court in all respects.

THOMPSON, GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.