**MISSOURI STATE DIVISION
OF FAMILY SERVICES,
Appellant,**

v.

**Anneshia L. HILL, Respondent.**

**No. WD 44505.**

Missouri Court of Appeals,
Western District.

Oct. 8, 1991.

Linda Ray-McKenna, Dept. of Social Services, Jefferson City, for appellant.

Elizabeth Stitt, St. Joseph, for respondent.

Before FENNER, P.J., LOWENSTEIN, C.J., and ULRICH, J.

FENNER, Presiding Judge.

Appellant, Missouri State Division of Family Services (DFS) appeals a judgment of the circuit court which reversed the determination of the Director of DFS that respondent, Anneshia Hill (Anneshia), was not permanently and totally disabled and, therefore, not entitled to receive Title XIX (Medicaid) benefits.

It is not disputed that Anneshia, who was 9 years old at the time of her application for benefits, suffers from chronic asthma. The dispute herein is whether Anneshia's condition is severe enough to render her permanently and totally disabled and thereby qualified for Medicaid benefits.

Anneshia, through her mother Ms. Cora Hill, initially applied to DFS for Medicaid benefits. Upon rejection of the application, an appeal was taken and a hearing conducted as provided under § 208.080 RSMo 1986. At the conclusion of the hearing the denial of Medicaid benefits to Anneshia was affirmed. Anneshia then appealed to the circuit court pursuant to § 208.100 RSMo 1986. The circuit court found that Anneshia was entitled to Medicaid benefits and reversed the decision of the Director of DFS. DFS appeals from the judgment of the circuit court.

On appeal before this court, DFS argues that the circuit court erred in reversing the Director's determination that Anneshia was not permanently and totally disabled and not entitled to Medicaid benefits. DFS argues that the Director's decision was supported by competent and substantial evidence on the whole record.

■ Review by the court of appeals is of the agency decision, not a review of the decision of the circuit court. *Pummill v. Missouri Division of Family Services*, 674 S.W.2d 647, 648 (Mo.App.1984). If the findings of the agency are supported by substantial and competent evidence in the record, they must be affirmed, but if they are contrary to the determinative undisputed facts, the decision is arbitrary and unreasonable and must be reversed. *Pollard v. Missouri Department of Social Services*, 752 S.W.2d 466, 468 (Mo.App.1988), citing *Collins v. Division of Welfare*, 364 Mo. 1032, 270 S.W.2d 817, 819 (banc 1954).

■ Eligibility for medical assistance under the state Medicaid program requires the claimant to show that he is both permanently and totally disabled. *Pollard v. Missouri Department of Social Services*, 752 S.W.2d at 468. It is a two part definition requiring both permanent and total disability. A claimant is totally disabled if he is rendered unable to engage in an occupation for which he is qualified. *Id.* A claimant's disability is permanent if it is shown to be of indefinite duration and recovery or substantial improvement is not expected. *Id.* at 468–469. Furthermore, according to the Income Maintenance Manual of DFS, a forecast of continuous disability expected to last for at least one year is sufficient to qualify a disability as permanent. Income Maintenance Manual, Ch. XI, § XIV, p. 1. DFS is bound to conform its decision to its own interpretation that a disability expected to last for at least one year qualifies as permanent. *Crudup v. Missouri State Division of Family Services*, 600 S.W.2d 129, 132 (Mo.App.1980).

■ Anneshia presented expert medical opinions which established her disability to be permanent in nature. DFS presented no evidence to the contrary. The record establishes Anneshia's disability as permanent.

The determination of whether Anneshia's disability is total is complicated by the fact that she is a child. The DFS Income Maintenance Manual requires that when considering a child for medical assistance under Medicaid, the disability has to compare in severity to a disability that would make an adult totally disabled. Income Maintenance Manual, Ch. XI, § XIV.

The standard for determining total disability on the basis of inability to engage in an occupation for which an individual is qualified, is fairly readily applied when the claimant is an adult. However, when the claimant is a child, this standard does not lend itself to clear application.

In *Sullivan v. Zebley*, 493 U.S. 521, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990), the United States Supreme Court, analyzed federal statutes and regulations to determine when a child is totally disabled so as to be eligible for Supplemental Security Income benefits (SSI). In *Sullivan*, the court noted that a person is eligible for SSI benefits if his income and financial resources are below a certain level, 42 U.S.C. § 1382c(a), and if he is "disabled." Disability is defined in 42 U.S.C. § 1382c(a)(3) as follows:

> "(A) An individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months (or, in the case of a child under the age of 18, if he suffers from any medically determinable physical or mental impairment of comparable severity).
>
> "(B) For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, ..."

The court in *Sullivan* interpreted § 42 U.S.C. § 1382c(a)(3) as meaning in plain words that a child is entitled to SSI benefits if his impairment is as severe as one that would prevent an adult from working. *Sullivan v. Zebley*, 493 U.S. at 529, 110 S.Ct. at 890, 107 L.Ed.2d at 979. The court noted the difficulty of applying this vocational analysis to children and held that inquiry into the impact of a child's disability on the child's normal daily activities in comparison to a child of the claimant's age was appropriate to measure the extent of the child's disability. *Sullivan v. Zebley*, 493 U.S. at 539, 540, 110 S.Ct. at 896, 896, 107 L.Ed.2d at 985, 986. The Court found it appropriate to consider such things as speaking, walking, washing, dressing, and feeding oneself, going to school, and playing. *Id.* We find this standard to be equally appropriate to determine, under Missouri law, when a child is totally disabled so as to be entitled to medical assistance under Medicaid.

In regard to the totality of Anneshia's disability, the record shows that she missed 30.5 days of school in the eight month period from late August, 1989 to May 3, 1990, due to her asthma. DFS argues the record reflects that Anneshia's lack of attendance at school was partly attributable to her parents who were causing her to develop a "vulnerable child syndrome." Further in support of its position that Anneshia's lack of regular attendance at school was attributable to her parents, DFS argues that physicians treating Anneshia recommended that Anneshia and her parents receive counseling in regard to keeping her from school too much.

The arguments of DFS in regard to Anneshia's school attendance are founded on a discharge summary from Children's Mercy Hospital which states among the physician's impressions as follows:

> [Anneshia] was seen by Child Psychiatry with question of a vulnerable child syndrome and some behavioral problems. Psychiatry recommended that we discuss with the mother the importance of attending school so that a school phobia does not develop.

The discharge summary does not establish that Anneshia, in fact, has a vulnerable child syndrome, what such a syndrome is, or to what it might be attributable. Furthermore, the suggestion that the importance of Anneshia attending school be discussed with Anneshia's mother does not establish that any lack of attendance in the past was attributable to her mother or that

"counseling" is warranted. DFS's arguments are not supported by the record.

 The record does show that Anneshia's condition requires considerable daily medication and careful attention by herself and her parents, as well as frequent attention by a physician. She undergoes breathing treatments with a nebulizer, which is an electronically run machine with an air hose, three times a day for 10 to 15 minutes for each treatment.

Anneshia's physical activity is limited due to her severe asthma. Running and strenuous activities will make her sick. Even though Anneshia lives only eight blocks from school, she must ride the bus because walking to school makes her sick. Her activities at home are limited to sedentary activities like watching TV and playing Nintendo. She can't tolerate pollen in the air or cold temperatures. She isn't able to be outside for any significant period of time until the temperature reaches 80 degrees. When she is able to play outside, it is only for short periods of time, such as an hour, with frequent breaks for rest.

The record reflects that Anneshia's daily activities are limited to such an extent in comparison to children of her age that she is totally disabled for purposes of medical assistance under Medicaid. Her ability to attend school is significantly impaired, as is her ability to play, engage in outdoor activity and physical activity common to children of her age.

The determination of the Director that Anneshia was not permanently and totally disabled was contrary to determinative undisputed facts and, therefore, was arbitrary and unreasonable. The judgment of the Director is reversed. This cause is remanded to the circuit court with directions to remand to the Director for a determination consistent with this opinion.

All concur.