**532**

Perry S. ROBINSON, Deceased; Cathy Robinson, Administratrix of the Estate of Perry S. Robinson; Cathy Robinson, Mother and Natural Guardian of Tara Robinson; and Tara Robinson, Infant daughter of Perry S. Robinson, Appellants,

v.

Vicki G. NEWBERG, Acting Director of Special fund; KTK Mining and Construction; Thomas Shewmaker, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 92–SC–696–WC.

Supreme Court of Kentucky.

March 18, 1993.

Kelsey E. Friend, Robert J. Greene, Pikeville, for appellants.

Mark C. Webster, Louisville, for appellee Newberg.

Denis K. Ash, Bennett Clark, Stoll, Keenon & Park, Lexington, for appellee KTK Min.

### OPINION OF THE COURT

The issue involved in this workers' compensation case is whether the survivors of a deceased worker who was receiving temporary total disability benefits at the time of his death from an unrelated cause are entitled to recover benefits for the life expectancy of the deceased worker. In other words, must appellants show that decedent's work-related condition was permanent in order to receive total disability benefits.

Perry Robinson suffered a work-related low back injury on February 6, 1989. He received conservative medical treatment from Dr. Diane Shafer following the injury. His employer, KTK Mining and Construc-

tion, Inc., voluntarily paid temporary total disability benefits from February 7, 1989, through March 2, 1989, at which time Mr. Robinson died from a nonwork-related heart attack.

Decedent's widow, Cathy Robinson, filed a workers' compensation claim asserting that her husband was rendered permanently totally occupationally disabled by the back injury. The Administrative Law Judge (ALJ) awarded temporary total disability benefits from February 7, 1989, the date of injury, through March 2, 1989, the date of death. However, Mrs. Robinson's claim for total occupational disability benefits was dismissed on the grounds that appellants failed to show that decedent's condition was permanent. The ALJ stated, in pertinent part, as follows:

6. It is stipulated that the decedent was entitled to temporary total disability benefits from February 7, 1989, up to and including March 2, 1989, the date of his death. Mr. Robinson's demise obviously would terminate any period of temporary total disability. The more difficult question obviously is whether the claimant's disability would have continued beyond that date, either as total disability or some degree of permanent partial disability. It is apparent that the plaintiff has the burden of proof in a Workers' Compensation proceeding. However, the fact finder can render a finding on the basis of the totality of the medical evidence. In reviewing the medical evidence, it is determined that Perry Robinson did have a soft tissue injury and there was no radiographic evidence of any herniation of a disc. It is further determined that thermography is not a reliable and acceptable diagnostic tool to determine if there was nerve impingement or a disc herniation in light of x-ray examination indicating the absence of any such condition. It is further determined that Mr. Robinson would only have had an injury of a temporary nature since it was classified as a sprain or soft tissue injury. It is particularly noted that the claimant would have overcome his back condition after a period of temporary total disability. It is particularly noteworthy that on February 27, 1989, Dr. Shafer found that the claimant reported he felt better. It is determined that the claimant has failed to establish an injury of appreciable proportion.

In his order overruling Mrs. Robinson's petition for reconsideration, the ALJ stated:

The final issue raised in paragraphs 1, 7, and 8 is whether temporary total disability of Mr. Robinson would continue following his death from the non-work related heart attack. In essence, would his dependents be entitled to life time benefits because Mr. Perry [sic] was totally disabled at the time of his death from a non-work related condition? In determining this issue, the undersigned operated under the principle that temporary total disability ends when the healing period ends or stabilization of the physical condition occurs. In this particular case there would be no possibility for stabilization of the physical condition or the end of the healing process because of the intervening death due to the decedent's heart attack. The plaintiff, in essence, is requesting that the subsequent heart attack justify an award to the dependents of the decedent for life time benefits. This argument would be contrary to the ruling of *Johnson v. Scotts Branch Coal Co.*, Ky.App., 754 S.W.2d 555 (1988).

The Workers' Compensation Board (Board) upheld the award for temporary total benefits, and the Court of Appeals affirmed the Board.

Appellants maintain that when evidence establishes total disability, whether it be temporary or permanent, at the time of the worker's death from an unrelated cause, survivors are entitled to permanent total disability benefits pursuant to KRS 342.730(3). Appellants insist that because total disability benefits awarded under KRS 342.730(1)(a) are to continue "during such disability," and since there is no evidence that this worker's total disability would have ceased at any particular point in time, the ALJ's finding that the worker's death terminated his temporary total disability was erroneous. Appellants argue the claimant has no duty to prove that disabili-

ty is permanent and that the ALJ's holding is inconsistent with KRS 342.730(3) which provides in part:

> When an employe, who has sustained disability compensable under this section, and who has filed, or could have timely filed, a valid claim in his lifetime, dies from causes other than the injury before the expiration of the compensable period specified, portions of the income benefits specified and unpaid at the individual's death, whether or not accrued or due at his death, shall be paid, under an award made before or after such death, for the period specified in this section, to and for the benefit of the persons within the classes ... specified....

We agree with appellants that KRS 342.730(3) does not require that an award have been rendered before the worker's death in order for the entitled benefits to be continued. No opinion below implies anything to the contrary, but that does not negate the fact that before an award can be continued it must be appropriate. We disagree with appellants' assertion that because KRS 342.730(1)(a) addresses "total disability," as opposed to permanent total disability, the claimant bears no burden to prove permanency in order to be awarded benefits "during such disability" or for life.

As stated by the Board, the distinction between temporary total disability benefits and permanent disability benefits has long been recognized. *Island Creek Coal Company v. DeMoss*, Ky.App., 621 S.W.2d 509 (1981). "[T]here has evolved in America a four-way classification of disabilities, (1) temporary total, (2) temporary partial, (3) permanent partial, and (4) permanent total." Larson, *The Law of Workmen's Compensation*, § 57.12(a). Professor Larson observes that in the usual situation, temporary total disability is payable during the period of healing and complete wage loss until a recovery or stabilization occurs. Larson, § 57.12(b). Temporary total disability benefits assist the claimant through the recovery process. *Hagy v. State Workmen's Compensation Commissioner*, 163 W.Va. 198, 255 S.E.2d 906 (1979). Obviously, death terminates any recovery process, and the necessity for those benefits. "Of course, if the claim-

ant's continued unemployment is the result, not of his employment-related impairment, but of personal ailments unrelated to his employment, there is no possible ground for continuing temporary benefits." Larson, § 57.12(e).

We agree with the conclusions reached below that to recover benefits for permanent total disability, appellants had the burden of proving that decedent's condition would not improve. Appellants' assertion that they have no burden to establish permanent disability where the deceased worker's disability was total is erroneous. 'Permanent' indicates that the condition will last the rest of claimant's life, or that the condition will not improve during claimant's life. Larson, § 57.13. If the duration of the condition is uncertain, it cannot be found to be permanent. *Id.* Therefore, if the injured employee dies before stabilization occurs, the degree of impairment should not be taken as that in effect at the moment of death, for the proper procedure is to make the best possible medical estimate of the probable residual disability that would have remained if the employee had lived to complete his healing period. Larson, § 58.45.

The decision of the Court of Appeals is affirmed.

All concur.