Harry L. TILLER, Appellant–Employee,

v.

166 AUTO AUCTION, Respondent–Employer,

and

National Union Fire Insurance Co., Respondent–Insurer,

and

Treasurer of Missouri, as Custodian of the Second Injury Fund, Respondent–Additional Party.

No. 21037.

Missouri Court of Appeals, Southern District, Division One.

April 7, 1997.

William D. Powell, Daniel, Clampett, Powell & Cunningham, L.L.C., Springfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Carol Aiken, Asst. Atty. Gen., Springfield, for respondent.

PREWITT, Judge.

Appellant appeals from a portion of an Award Allowing Compensation issued by the Labor and Industrial Relations Commission ("Commission"). The Commission's award affirmed the determination of the Administrative Law Judge ("ALJ"), who found Appellant sustained 50 percent permanent disability from a fall at work in August, 1989, but did not qualify for Second Injury Fund compensation because his preexisting disabilities combined with his current injury did not result in total and permanent disability.

The ALJ's findings of fact and conclusions of law stated, in pertinent part:

It cannot be said that the subjective complaints of pain and its alleged disabling effects was (sic) caused by the August 2, 1989, incident alone, or in combination of a preexisting injury or disability. Notwithstanding, I believe [Appellant] is capable of engaging in employment in the open labor market and is not permanently and totlly (sic) disabled.

The primary claim of liability against the Second Injury Fund pertains to a claim of preexisting injury or disability of illiteracy. The evidence clearly establishes that, prior to August 2, 1989, [Appellant] was illiterate, being unable to read or write below

[above?] the level of third grade, and continues to remain illiterate. The evidence, however, does not establish that the illiteracy is a result of a learning disability. Rather, the evidence suggests that [Appellant] was, and continues to remain, illiterate because he has not availed himself of the opportunity to learn to read.

The illiteracy of [Appellant], undeniably, serves as a hindrance or obstacle to employment. Yet, without evidence that the illiteracy is caused by a learning disability, I am reluctant to find that such illiteracy is a basis for a finding of Second Injury Fund liability.

■ Appellant argues the Commission should have found Second Injury Fund liability existed because Appellant's illiteracy, combined with his permanent partial disability from the accident at work, caused him to be permanently and totally disabled.

■ This Court's review of the Commission's award is limited. We may only set aside the Commission's decision if there is no substantial and competent evidence to support it or if its determination is clearly contrary to the weight of the evidence. *Garibay v. Treasurer of Missouri,* 930 S.W.2d 57, 59 (Mo.App.1996). The Commission is the sole judge of the credibility of the witnesses, and this court will not substitute its interpretation of factual issues for that of the Commission even if it would have made a different determination. *Id.* Questions of law are reviewed independently. *Id.*

Section 287.220.1, RSMo 1994, authorizes Second Injury Fund compensation when preexisting permanent partial disability whether from a compensable injury or otherwise combines with a subsequent compensable injury to result in total permanent disability or in a greater degree of partial permanent disability than had there been no preexisting disability.[1]

■ The Second Injury Fund is unavailable where the employee is not shown to have had a preexisting disability at the time of the "second" injury. *Roby v. Tarlton Corp.,* 728 S.W.2d 586, 589–90 (Mo.App.1987).

■ A disability is "permanent" if "shown to be of indefinite duration in recovery or substantial improvement is not expected." *State Div. of Family Services v. Hill,* 816 S.W.2d 702, 703 (Mo.App.1991). *See also Alaska International Constructors v. Kinter,* 755 P.2d 1103, 1105 (Alaska 1988) and *Robinson v. Newberg,* 849 S.W.2d 532, 534 (Ky. 1993)(in worker's compensation context, "permanent" means lasting rest of claimants life or will not improve during lifetime).

Because the Commission's award embraced the ALJ finding that Appellant's illiteracy "serves as a hindrance or obstacle to employment," Appellant claims Second Injury Fund liability should have been triggered. He also relies on *Garibay,* in which the court held that a preexisting injury meets the requirements of the statute "if a cautious employer could reasonably foresee that there is the potential for the preexisting injuries to combine with a work related injury and that combination would have a greater degree of disability than without the prior condition." 930 S.W.2d at 60.

An expert witness called by Appellant was asked if Appellant "sought aid to learn to read and write, how much time would it take for him to read and write and become functionally literate." The witness replied:

Well, I think that's quite variable, and whether that's a relatively short time or a prolonged time may vary from one individual to another. I think you have to understand to what extent are you wanting him to—how far are you wanting to go. If you're asking this man—could Mr. Tiller begin where he is and end up with a GED high school equivalency, I think we're talking about a long-term process of several years.

If you're wanting him to learn to—where he can read the labels in the grocery store, read the street signs, achieve a second- or third-grade reading level, then I think that could be accomplished in several months.

---

1. Respondents do not oppose Appellant's argument that 1993 amendments to the statute should apply to Appellant's alleged "preexisting disability." *See Smart v. Missouri State Treasurer,* 916 S.W.2d 367 (Mo.App.1996) and *Leutzinger v. Treasurer,* 895 S.W.2d 591 (Mo.App.1995).

■ Appellant contends that even if he could become literate, that at his age, by the time he did so, he could not obtain employment. In determining total disability the age of the employee can be considered. *Reves v. Kindell's Mercantile Co., Inc.*, 793 S.W.2d 917, 920–22 (Mo.App.1990). Appellant was born November 14, 1943. Thus, he was forty-five at the time of his accident on August 2, 1989. At neither his present age nor that at the time of his accident can we say conclusively that if he became literate or semiliterate, Appellant is not likely to be employed.[2]

■ The Commission's award included the ALJ finding that Appellant was capable of learning to read and write, but lacked sufficient motivation to do so. Thus, the disability, if it be such, is not permanent. Where illiteracy is not due to inability to learn, but to lack of education, it is not a permanent partial disability for Second Injury Fund purposes. *Morello v. Baldanza Bakery, Inc.*, 102 N.J.Super. 542, 246 A.2d 194, 195–96 (1968), *aff'd* 105 N.J.Super. 575, 253 A.2d 583 (1969).

This Court concludes the Commission did not err in issuing the award affirming the ALJ finding that Appellant's illiteracy could not serve as a basis for Second Injury Fund liability. The award was supported by substantial competent evidence and was not clearly against the weight of evidence. Nor did it wrongly apply or state the law. Point denied.

The Commission's award is affirmed.

BARNEY, P.J., and GARRISON, J., concur.

---

**2.** Appellant's claim was filed on July 11, 1990. It was heard on February 23, 1993, but apparently no decision was made due to the retirement of the Administrative Law Judge. The matter was reheard on April 17, 1995, by a different Administrative Law Judge, and his determination issued August 14, 1995. The Commission affirmed and incorporated the decision of the Administrative Law Judge on May 3, 1996. The matter reached this Court on June 28, 1996.