Harry L. TILLER, Employee–
Appellant,

v.

166 AUTO AUCTION, Employer–
Respondent.

No. 24007.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 24, 2001.

Petition for Rehearing and
Transfer Denied Nov. 15, 2001.

William D. Powell, Daniel, Clampett, Powell & Cunningham, L.L.C., Springfield, MO, for Appellant.

Raymond E. Whiteaker, Whiteaker & Wilson, P.C., Springfield, MO, for Respondent.

JAMES K. PREWITT, Judge.

Harry Tiller ("Employee") appeals an order of the Labor and Industrial Relations Commission ("Commission") which denied his Application for Review Because of Change of Condition ("motion") seeking to modify a workers' compensation award against his employer, 166 Auto Auction ("Employer"). The Commission asserted that it did not have jurisdiction to consider Employee's motion because the original award had been satisfied. Employee argues that the Commission retained jurisdiction over the award because at the time Employee filed his motion, his appeal of the award denying him compensation from the Second Injury Fund was pending and he had not yet negotiated the checks Employer presented as full payment of the award. Finding that the Commission lacked jurisdiction to consider Employee's motion, we affirm the order of the Commission.

### Facts

This worker's compensation case began in August, 1989. Employee, who cleaned cars for Employer, was injured when he fell while walking through a hallway between the area where he worked and the sales area of Employer's business. He filed a claim for compensation with the Division of Workers' Compensation ("Division") on July 11, 1990, claiming that the fall resulted in injuries to his back, lower extremities, and body as a whole, resulting in "permanent and total disability." He sought compensation from Employer and the Second Injury Fund for his injuries. On August 14, 1995, the Division awarded Employee 50% permanent partial disability to the body as a whole in the sum of $173.85 per week for 200 weeks beginning with the date of injury, and a lump sum of $229.25 for temporary total disability, for a total of $34,999.25. No amount was awarded from the Second Injury Fund.[1]

On May 3, 1996, the Commission affirmed the Division's award. Employer and Insurer had checks in the full amount of the award issued on May 7, 1996. Employer sent the checks to Employee on May 13, 1996, and Employee received the checks on May 14, 1996. Employee appealed to this court on May 30, 1996, challenging only the denial of compensation from the Second Injury Fund. On November 5, 1996, while his appeal was still pending, Employee filed his Application for Review Because of Change of Condition, claiming that his physical condition

---

1. Employee claimed that the injuries he suffered in the fall combined with his pre-existing condition of illiteracy to create a total disability. The Commission and later this Court on appeal found that his illiteracy was not a permanent partial disability for Second Injury Fund purposes. *Tiller v. 166 Auto Auction*, 941 S.W.2d 863, 866 (Mo.App.1997).

had "substantially changed and deteriorated" since the issuance of the award and requesting additional compensation. He negotiated the checks, which had been held by his attorney, on November 7, 1996. The checks were subsequently honored on November 12, 1996.

On April 7, 1997, we affirmed the Commission's award. *Tiller v. 166 Auto Auction*, 941 S.W.2d 863 (Mo.App.1997). The Commission issued its decision dismissing Employee's motion for lack of jurisdiction on November 3, 2000. This appeal follows.

### Discussion

Employee raises two points on appeal, both asserting that the Commission erred in dismissing Employee's motion for lack of jurisdiction. In his first point, Employee argues that the Commission "had continuing jurisdiction of its final award allowing compensation" because at the time Employee filed his motion "the case was still pending before the [Commission]." Employee claims the case was still pending because the appeal of the original award was pending before this court. In his second point, Employee argues that the Commission "had jurisdiction over its final award allowing compensation" because at the time Employee filed his motion "the award was not paid." Employee claims that the award was not paid because he had not yet presented the checks issued by Employer for payment. We address these points together as they involve similar legal issues.

 "On appeal in a worker's compensation case, we review the whole record, including legitimate inferences to be drawn therefrom, in the light most favorable to the award of the Commission." *Kramer v. Bill's Marine, Ltd.*, 897 S.W.2d 213, 215 (Mo.App.1995). *See also Kennison v. Ranken Technical Inst.*, 44 S.W.3d 899, 901 (Mo.App.2001). We will "modify, reverse, remand for rehearing or set aside an award or decision of the Commission only if the Commission's actions were unauthorized by law or in excess of its authority, fraudulent, unsupported by the facts as found by the Commission, or unsupported by competent evidence." *Kramer*, 897 S.W.2d at 215.

"Section 287.470 invests the Commission with continuing jurisdiction over a case so that the award may be altered to reflect an unanticipated change in the employee's condition." *Id.* at 216. The statute provides,

Upon its own motion or upon the application of any party in interest on the ground of a change in condition, the commission may at any time upon a rehearing after due notice to the parties interested review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this chapter, and shall immediately send to the parties and the employer's insurer a copy of the award. No such review shall affect such award as regards any moneys paid.

§ 287.470, RSMo 1994. The courts have not construed this section to permit the Commission to open an award at any time due to a change in condition. *See Johnson v. St. John's Mercy Med. Ctr.*, 812 S.W.2d 845, 847 (Mo.App.1991); *Yokel v. Beta Corp.*, 615 S.W.2d 78 (Mo.App.1981). Rather, "[c]ommencing with *State ex rel. Saunders v. Missouri Workmen's Compensation Commission*, 333 Mo. 691, 63 S.W.2d 67 (banc 1933) the appellate courts of this state have consistently held that 'at any time' means before payment of the award or before the expiration of the time during which the award is to be paid, whichever is later. After that the Commission has no further jurisdiction." *Hol-*

*man v. Normandy Osteopathic Hosp.*, 691 S.W.2d 360, 361 (Mo.App.1985). This is because after final payment of an award, "there is nothing to end, increase or diminish." *Yokel*, 615 S.W.2d at 80.

The courts of this state have construed the period of time during which the award is to be paid to include the adjudicated period of disability, even if a lump payment of the entire award was made prior to the end of the disability period. *See Johnson*, 812 S.W.2d at 849. The reason is that a payment made during the period of disability "is not a settlement of all rights or claims which the injured employee may have" unless the employee expressly waived his or her right to review. *Id.* The period of time during which the award is to be paid also applies to temporary or partial awards, such as awards ordering the employer to pay future medical expenses, not a factor in the present case. *See Blissenbach v. General Motors Assembly Div.*, 776 S.W.2d 889, 891 (Mo. App.1989). Never has this been interpreted to include the period during the pendency of an appeal, where payment of the award had been made prior to the filing of the appeal.

■ We reject Employee's argument that the Commission retained jurisdiction over Employee's award simply because Employee decided to wait to negotiate the check from Employer until after he filed his motion to reopen the award. " 'Payment' has been defined in Missouri law as the delivery of money or other valuable thing in the discharge of an obligation or for the purpose of extinguishing a debt." *Sverdrup Corp. v. Politis*, 888 S.W.2d 753, 756 (Mo.App.1994). "Furthermore, '[p]ayment is largely a question of intention between debtor and creditor, and the question of whether the transfer of money or other thing shall operate as a payment is ordinarily determinable by the intention of

the parties to the transaction.' " *Arnold v. Krewson*, 834 S.W.2d 229, 232 (Mo.App. 1992) (quoting 60 Am.Jur.2d *Payment* § 2 (1987)).

██ The Commission determined that the checks were tendered and the award paid on May 7, 1996, the date that Employer and Insurer issued the checks. What action constitutes payment is a legal question, and "when it comes to review of questions of law, our review of the Commission's decisions is de novo." *Davis v. Research Med. Ctr.*, 903 S.W.2d 557, 560 (Mo.App.1995).

As stated above, Employer sent the checks to Employee on May 13, 1996 and Employee received the checks on May 14, 1996. Citing a letter from Employee to Employer stating that Employer "authorized us to cash your Company's checks" in a November 5, 1996 telephone conversation, Employee claims that he was asked to hold the checks until Employer was assured that he would not appeal the award against Employer. Employer denies placing any restrictions on cashing the checks and claims that when Employee asked if he could cash the checks, Employer thought he was asking whether the checks had been rendered void due to the lapse of time between their issuance and the date of the phone conversation. Regardless of whether Employer asked Employee to hold the checks, or whether Employee asked whether he could cash the checks out of courtesy, it nonetheless seems apparent that both parties perceived that the rendering of the checks by the Employer was intended as full payment of the final award of the Commission. Employee did not dispute that the amount of the checks equaled the amount awarded by the Commission, nor did Employee challenge Employer's decision to pay the award by

check rather than cash or cashier's checks.[2]

■ Except for cases in which the check is dishonored, we think that for the purpose of determining when a final award of the Commission has been paid by a liable party, the relevant date is the date the checks were offered to and accepted by the claimant, not the date that the checks were paid. *Cf. North Star Apartments v. Goppert Bank & Trust Co.*, 657 S.W.2d 253 (Mo.App.1983) (holding that "payment" had not occurred where check was dishonored). Decisions by courts of other jurisdictions which have held that the time of payment of a claim by a check that is honored relates back to the date the check was delivered are persuasive. *See R & S Inv. v. Howard*, 95 Nev. 279, 593 P.2d 53, 56 (1979) (stating that "payment by check, without objection, does not discharge a debt until the check is honored," but that "[o]nce honored, the time of payment relates back to the time the check was delivered"); *Hayes v. Federal Shipbuilding & Dry Dock Co.*, 5 N.J.Super. 212, 68 A.2d 766, 767 (1949) (finding that "workmen's" compensation award was paid on the date the check was received by the claimant, not on the date it was honored), *questioned in Kensil v. Ocean City*, 89 N.J.Super. 342, 215 A.2d 43, 46 (regarding dictum in *Hayes* that determination of payment is answered in part by examining the funds in the drawer's bank account at the time of delivery).

Viewing the evidence in the light most favorable to the award, we find that the checks, which were issued on May 7, 1996, constituted payment of the award on the date that they were received by Employee's attorney, May 14, 1996, and that Employee was free to cash them at any time. Thus, we conclude that the award was paid when the checks issued by Employer were received, not when Employee finally negotiated the checks to receive the moneys paid. Employee's second point is denied.

■ We also reject Employee's argument that the Commission retained jurisdiction of the award while the appeal of the award against the Second Injury Fund was pending. "The employee's claims against the employer and against the Second Injury Fund are separate proceedings," as the liability of the employer is a distinct issue from the liability of the Second Injury Fund. *Strange v. SCI Bus. Prod.*, 17 S.W.3d 171, 173–74 (Mo.App. 2000) (finding that the Second Injury Fund did not have to be party to a settlement between employee and employer for the settlement to be enforced).

Had appellant appealed the award as to the Employer, the Commission would have had to stay consideration of the motion for modification until the appeal was decided, because the court of appeals would obtain exclusive jurisdiction over the award until rendering its decision. *See* § 287.495.1, RSMo Supp.1998 (stating that "[t]he final award of the commission shall be conclusive and binding unless either party to the dispute shall ... appeal the award to the appellate court"); *State ex rel. Missouri Cable Telecomm. Ass'n v. Missouri Public Service Comm'n*, 929 S.W.2d 768, 772 (Mo.

---

**2.** Employee *cites* § 400.3–310(b)(1), RSMo 1994, which states that unless otherwise agreed, if an uncertified check is taken for an obligation, the obligation is suspended "until dishonor of the check or until it is paid or certified." We note that this provision is taken from the Uniform Commercial Code, which is contemplating a contract between two parties, both with obligations (one to pay, one to furnish a good), whereas in the case of a judgment, only the party owing the judgment has an obligation. Thus the principles applicable to the UCC are not applicable in the present case, where we think it is clear that payment of the award and payment of the check are distinct issues.

App.1996) (Public Service Commission without authority to enter modified award while an appeal of the original award is pending because the reviewing court obtains exclusive jurisdiction over the award until it renders its decision). Full payment of the award would moot both the appeal and the motion for modification.

Such was not the case here. Employee only appealed the award denying compensation from the Second Injury Fund, so the Commission retained jurisdiction of the award against Employer. Nonetheless, payment of the award rendered the subsequent motion for modification moot. *See Yokel, supra.* Having already determined that the award had been paid at the time Employee filed his motion, we conclude that the Commission lacked jurisdiction to consider Employee's motion. Employee's first point is denied.[3]

The order of the Labor and Industrial Relations Commission is affirmed.

GARRISON, J., and PARRISH, J., concur.

---

**3.** An argument could be made that a workers' compensation award is an adjudication as to the condition of the injured worker at the time the award is entered, not as to the claimant's future condition, so that neither payment of the award nor an appeal of the award would affect the Commission's jurisdiction to consider a motion for modification of an award for change in condition. *See* 82 Am. Jur.2d *Workers' Compensation* § 659 (1992) (explaining why the consideration of a motion for modification is not precluded by res judicata). As we cannot decide a case contrary to the last controlling decision of the Missouri Supreme Court, in this case *State ex rel. Saunders v. Mo. Workmen's Comp. Comm'n,* 333 Mo. 691, 63 S.W.2d 67 (banc 1933), this is not an argument we may consider. *See* Mo. Const. art. V, § 2.