# IN THE SUPREME COURT OF THE STATE OF NEVADA

1ST ONE HUNDRED INVESTMENT POOL, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellant,
vs.
U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF THE NRZ PASS-THROUGH TRUST IX-B,
Respondent.

No. 79793

FILED

OCT 01 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court summary judgment, certified as final pursuant to NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

The district court correctly determined that the tender of the defaulted superpriority portion of the HOA's lien made by respondent's predecessor-in-interest, by check, cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 608-11, 427 P.3d 113, 118-21 (2018). Appellant contends that the tender was

20-35991

ineffective because it was paid by check and conditional,[1] relying on *Ruppert v. Edwards*, 67 Nev. 200, 216 P.2d 616 (1950), and *R & S Investments v. Howard*, 95 Nev. 279, 593 P.2d 53 (1979). But these cases stand for the proposition that when a check is paid upon presentation, the payment relates back to the date the check was delivered. *See R & S Invs.*, 95 Nev. at 284, 593 P.2d at 56 ("Once honored, the time of payment relates back to the time the check was delivered."); *Ruppert*, 67 Nev. at 224, 216 P.2d at 628 ("[T]he conditional payment of a check, forwarded in due course and actually paid, has thereupon become absolute, and that, therefore, such check is, in legal effect, deemed to have been given *as of the date of its delivery*."). Because the check in this case was delivered before the foreclosure sale and was paid upon presentation, this argument fails to provide a basis for reversal.[2]

Before receiving the check, the HOA told the agent of the previous deed of trust holder's beneficiary that any payment less than the full lien amount would result in the foreclosure sale going forward, that it was unsure of the superpriority lien amount, and that it was unsure whether the agent tendering the check actually represented the deed of trust beneficiary. 1st One Hundred argues that these facts show that the

---

[1] 1st One Hundred also argues that the tender was ineffective because the HOA's notice of sale required payment by cash or cashier's check. But this requirement only applied at the auction of the property, not to a tender of the superpriority amount.

[2] Having concluded that the check in this case constituted valid tender, we also reject 1st One Hundred's argument that reversal is warranted because the district court erred by interchangeably using "tender" as a verb and a noun and finding that the check here satisfied both.

district court erred in finding that the HOA accepted the deed of trust's beneficiary's check as payment of the superpriority lien and claims that its act of acceptance did not transform the check into valid tender. This argument fails because it again focuses on whether the check constituted valid tender—we already concluded above that it does. Moreover, as 1st One Hundred was not a party or third-party beneficiary to the payment of tender, it cannot challenge the HOA's acceptance of the check, regardless of any statements the HOA previously made. *See Wells v. Bank of Nev.*, 90 Nev. 192, 197-98, 522 P.2d 1014, 1017-18 (1974) (concluding that persons that were neither parties nor third-party beneficiaries to a contract lacked standing to challenge it).

Appellant also argues that the district court mistook its argument to be that tender must be made by cashier's check to be effective. Regardless of whether the district court misconstrued appellant's argument in this regard, it correctly concluded that the tender cured the superpriority default in this case. *See Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 125 Nev. 818, 823 n.2, 221 P.3d 1276, 1280 n.2 (2009) (providing that "this court will affirm a district court's order if the district court reached the correct result," regardless of the underlying reasoning). And, because the tender cured the superpriority default, the district court neither erred in finding that 1st One Hundred failed to demonstrate good title in itself, nor did it err in declining to balance the equities. *See generally Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev. 49, 366 P.3d 1105 (2016) (discussing balancing the equities in quiet title cases); *see also SFR Invs. Pool 1*, 134 Nev. at 612, 427 P.3d at 121 (recognizing that "[i]t follows that after a valid tender of the superpriority portion of an HOA lien, a

foreclosure sale on the entire lien is void as to the superpriority portion, because it cannot extinguish the first deed of trust on the property," and declining to balance the equities under *Shadow Wood* thereafter).

Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Timothy C. Williams, District Judge
       Charles K. Hauser, Settlement Judge
       The Law Office of Vernon Nelson
       Akerman LLP/Las Vegas
       Eighth District Court Clerk