MICHAEL WEISS, EMPLOYEE, RESPONDENT, v. ANHEUSER-BUSCH, INCORPORATED, EMPLOYER AND GLOBE INDEMNITY COMPANY, INSURER, APPELLANTS.—117 S. W. (2d) 682.

St. Louis Court of Appeals. Opinion filed June 7, 1938.

*Edw. C. Friedewald* for appellants.

*Louis L. Hicks* and *Albert I. Graff* for respondents.

McCULLEN, J.—This is an appeal by appellant's employer and insurer from a judgment of the Circuit Court of the City of St. Louis reversing an award of the Workmen's Compensation Commission, wherein said Commission decided that an application by the respondent employee for additional compensation was not reviewable by the Commission for the reason that the Commission was without jurisdiction. The circuit court held that the Commission did have jurisdiction, and from its judgment so holding, the employer and insurer have appealed to this court.

The record shows that respondent sustained an accidental injury on April 15, 1932, when he was struck by a piece of falling lumber, which resulted in a fractured skull, injury to his neck and left leg, and some broken teeth. It is conceded that the injuries arose out of and in the course of respondent's employment.

On April 25, 1932, a temporary agreement was entered into by respondent and appellants, under which respondent was paid $20 as the first payment under the Workmen's Compensation Act, and it was further provided in said agreement that he would be paid at the rate of $20 a week commencing April 16, 1932, until such time as appellants should notify the Commission in writing of the suspension of payment thereof, such notice to be given not later than twenty-one days from the date of the last payment of compensation.

On August 17, 1932, respondent filed his claim for compensation, claiming injuries to head and organs of the head, neck and back, and stating that compensation paid to that date was $260.

On August 22, 1932, appellants filed their answer to said claim, alleging among other things that respondent's disability had ended. It appears that respondent returned to work sometime in November, 1932. Thereafter, following a hearing, a referee of the Commission issued a temporary or partial award in which he found that, while respondent had returned to work, it was not at that time possible to determine the nature and extent of permanent disability, if any, respondent had suffered. Said temporary or partial award was dated January 3, 1933, and was based on a hearing held before the referee on December 20, 1932, at which evidence was adduced.

On October 4, 1933, respondent and appellants appeared before a referee of the Compensation Commission and entered into an agreement by stipulation wherein it was agreed by the parties that respondent should receive compensation at the rate of $20 per week for 100 weeks.

On October 20, 1933, the referee issued an award on agreement, based upon said stipulation of the parties of October 4, 1933. It said award respondent was awarded $1528.58, which, with $471.43 previously paid to him, made a total of $2000 in accordance with the said stipulated agreement of the parties.

On May 18, 1936, an application for a rehearing and review on the alleged ground of a change in condition was filed by respondent with the Compensation Commission. Said application was dated March 14, 1936, but the record shows it was received by the Commission on May 18, 1936. Said application recites that it is based on Section 42 of the Missouri Workmen's Compensation Act, which is now Section 3340, Revised Statutes Missouri, 1929 (Mo. Stat. Ann., sec., 3340, p. 8273). The nature of the change in condition is stated thus in the application:

"Employee's condition is such that he is now permanently and totally disabled.

"Total additional compensation claim: $10,000."

Thereafter, a hearing was held on said application, and on July 14, 1936, the Commission issued its "final award" wherein it is stated:

"We find from the evidence that an award on agreement was issued on October 20th, 1933, and by the terms of said award employee was allowed a total of $2000 which represented $20 per week for 100 weeks, said 100 weeks covering the period subsequent to April 15, 1932. Application for rehearing and review on the grounds of a change in condition was filed by employee on May 18, 1936, and as the original award was not a result of a hearing on contested issues we have no jurisdiction over said application."

Appellants contend that the application to rehear and review the award of the referee did not reopen the entire case so as to permit said award to be corrected even if the same was not in accordance with the facts at the time the referee made said award; and that the finding by the circuit court that the award of the referee was not in accordance with the stipulation of the parties was not a proper matter for review by the circuit court. In support of said contention, they cite Sei v. Guthrie & Co., et al., 332 Mo. 1061, 50 S. W. (2d) 664.

Appellants further contend that jurisdiction of the Compensation Commission cannot be extended by the parties, and that the circuit court's finding that the Commission's jurisdiction was so extended was error, in support of which contention they cite Miller v. Wm. C. Johnson & Sons (Mo. App.), 83 S. W. (2d) 144; Dewey v. Union Electric Light & Power Co. (Mo. App.), 83 S. W. (2d) 203.

It is further contended by appellants that an award on agreement is not subject to review on an application for change in condition under section 3340, Revised Statutes of Missouri, 1929 (Mo. Stat. Ann., sec. 3340, p. 8273). In support of said contention, they cite State ex rel. Saunders v. Mo. Workmen's Compensation Comm., 333 Mo. 691, 63 S. W. (2d) 67; Brown v. Corn Products & Refining Co., 227 Mo. App. 548, 55 S. W. (2d) 706; Burnham v. Keystone Service Co. (Mo. App.), 77 S. W. (2d) 848.

Appellants further contend that the limitation of the powers and jurisdiction of the Compensation Commission constitute a limitation

upon the right and not the remedy, and that the right afforded by the Compensation Commission is conditioned upon its exercise within the limitation period; that, if the right is not exercised within that period, the right is extinguished altogether. [The Dewey case, *supra,* and Higgins v. Heine Boiler Co., 328 Mo. 493, 41 S. W. (2d) 565, and Helle v. Eyerman Const. Co. (Mo. App.), 44 S. W. (2d) 234, are cited in support of this contention.]

We have grouped the several contentions of appellants and the cases cited in support thereof without separate discussion of them for the reason that they are all based upon the view of appellants that the application of respondent, on which the Commission's finding that it had no jurisdiction was made, was an application based upon a change in condition after a final award, and that it must be so treated regardless of what the record shows actually took place while this claim was pending before the Commission. It is true respondent's application for rehearing and review, which was filed May 18, 1936, was upon a form which erroneously asked for a rehearing and review on the ground of a change in condition, but, under the facts of record in this case, which appear without any dispute whatsoever, said application was in reality an application for additional compensation and for future medical aid addressed to the Commission which had specifically retained a jurisdiction over the claim and had never really made any final award thereon. This is conclusively shown by Exhibit A, which is the transcript showing the proceedings before the referee with respect to the agreed settlement upon which the award of October 20, 1933, was made, wherein respondent was awarded a total of $2000 compensation. In said stipulated agreement, the referee of the Commission stated into the record, in the presence of and with the consent and approval of all the parties and their counsel, that it was agreed that respondent had sustained an accidental injury which resulted in a fractured skull, injury to his neck and left leg, and several broken teeth. After further recitals with respect to matters as to which there is no dispute, the referee went on to say:

"The employee has agreed to this settlement and understands if he wants to reopen this case under change of condition, *if he can prove his condition is worse than it is on the date of this settlement.*" (Italics ours.)

After which counsel for appellants stated:

"It is stipulated by and between the parties that this settlement represents an agreement for 25% permanent partial disability on the basis of 400 weeks which is 100 weeks of compensation, as provided in section 3315, R. S. Mo. 1929, and it is agreed that the sum of $471.43 which has been paid and which covers the compensation up to November 14th, 1932, and it is further agreed that the balance which is due is to be paid at this time together with the amount of

future payments to make up a total and that the future payments which are to be paid in a lump sum are not to be commuted.''

It further appears from Exhibit A that the referee asked counsel for appellants: ''What about future medical aid?'' In answer to which question counsel for appellants employer and insurer answered:

''The insurer agrees to furnish *such further medical attention* as might be reasonably considered necessary *on account of the injuries from which he is now suffering subject to the approval of the Commission* or to Commission's order relieving insurer from the obligation to furnish such further treatments.'' (Italics ours.)

The question by the referee and the statement by the appellants in answer thereto both show conclusively that there was no thought on the part of the referee, representing the State of Missouri, or of anyone connected with the case, that the stipulation and the award based thereon were intended to close the case, or that said award was to be anything except a temporary or partial award, with the Compensation Commission expressly and explicitly retaining jurisdiction over the clam for such future adjustments as might be deemed proper by the Commission. In other words, it is clear from said stipulation and the award based thereon that the Commission was expressly holding the matter open and retaining jurisdiction of the claim. At the hearing wherein said stipulation was entered into, the referee himself asked respondent:

''Q. You understand by going into this agreement you can re-open this case on a change of condition any time you can prove your condition is worse than it is today? A. Yes, sir, I understand that.''

The fact that respondent's counsel used the wrong form of application, and the further fact that the referee erroneously referred to a ''change in condition'' instead of telling respondent that he could have a further hearing or further consideration of additional compensation, cannot operate to deprive the Commission of jurisdiction of the claim. Nor can such palpable mistakes change what was clearly a temporary or partial award into final award. Further evidence clearly demonstrating the actual situation that existed appears from the following, which occurred before the referee at the hearing in question:

''Referee LAHEY: It is understood the insurer will furnish medical aid necessary due to this accident until the Commission sees fit to change that order.

''MR. CARTER: That is subject to the approval of the Commission: the Commission may order the treatment stopped if they see fit, at our application.''

The record of the proceedings shows as a matter of law that the agreement, on which the award of $2000 was made, was not a compromise final settlement of all liability on the claim, because it conclusively appears that the claim was at that very time left open for

future adjustments. It certainly cannot be said that the Compensation Commission lost jurisdiction which it is conceded it then had in the face of a record which shows that it expressly retained, with the expressed consent of all parties, the right to make future adjustments. The Commission unquestionably had full authority to retain jurisdiction of the claim, and it was its duty to hold it open, just as it did, if it was satisfied from the evidence then before it that future adjustments would be necessary.

Section 3344, Revised Statutes of Missouri, 1929 (Mo. Stat. Ann., sec. 3344, p. 8281), provides that in any case a temporary or partial award of compensation may be made; that the same may be modified from time to time to meet the needs of the case; and that the claim may be kept open until a final award can be made. Under said statute, the Compensation Commission had full authority to make a temporary or partial award such as it made in this case, for it is conceded that a claim for compensation was duly filed. [State ex rel. Prescott Laundry Co. v. Missouri Workmen's Compensation Comm., 320 Mo. 1156, 10 S. W. (2d) 916.]

The law is established that, where an employee's claim for compensation is duly and timely filed, the Compensation Commission's jurisdiction continues until a final disposition is made of the claim. [Perry v. J. A. Kreis & Sons (Mo. App.), 49 S. W. (2d) 220.] The mere fact that the Compensation Commission in the case at bar took no action upon respondent's claim after the award of $2000 was made to respondent, and the further fact that respondent did not file his erroneously labeled application for review on the ground of change in condition within six months thereafter, does not bring into operation the six months limitation statute (section 3337, Revised Statutes of Missouri, 1929 [Mo. Stat. Ann., sec. 3337, p. 8269]) in view of the record in this case, for the claim was, during that interim, still pending before the Commission, no final award having been made. It has been held that an employee's claim for compensation was not barred because it was not filed within six months after the last payment, where the Commission had not approved a settlement agreement for injury arising out of the same accident. [O'Malley v. Mack Internat'l Motor Truck Corp., 225 Mo. App. 1, 31 S. W. (2d) 554.] While the facts in the O'Malley case, *supra*, were different from the facts in the case at bar, we believe the principle upon which that case was decided with respect to the six months Statute of Limitations is applicable to this case. In the O'Malley case the record showed that no final award had been made for the injury to the claimant's arm at the time he filed an application for compensation on account of a hernia. A settlement agreement by the parties, which had been filed, had neither been approved nor disapproved by the Commission; no action had been taken upon it. It was still pending before the Commission undisposed of as an open claim for compensation. In

that case this court held that the failure of the Commission to take action on the settlement agreement within the limitation period ought not to become the means of enabling the employer to interpose the limitation statute to defeat a recovery by the claimant of the compensation to which he was legally entitled. For the application of the principle of the O'Malley case on this point, see also Detienne v. Wellsville Fire Brick Co. (Mo. App.), 70 S. W. (2d) 369; Harder v. Thrift Const. Co. (Mo. App), 53 S. W. (2d) 34.

In the case at bar it appears that the award made was not a final award, but was a temporary or partial award, with the Commission expressly retaining jurisdiction over the claim for the purpose of making future adjustments. We, therefore, hold that the claim remained pending before the Commission, and the application of respondent, although mistakenly labeled, should have been treated as one for additional compensation to be determined by the Commission after a hearing.

The circuit court held that the six months Statute of Limitations had been waived by the agreement of the parties, and for that reason the award of the Compensation Commission was reversed and the cause remanded to the Commission for further proceedings. The action of the circuit court in reversing the finding of the Compensation Commission was correct, but we do not agree with the reason assigned by the court for such action. It is unnecessary for us to determine whether there could be a waiver of the Statute of Limitations. The question of waiver of such statute did not arise in this case for the reason that the Compensation Commission originally acquired jurisdiction, expressly retained it and never lost it.

The judgment of the circuit court is, therefore, affirmed. *Hostetter, P. J.,* and *Becker, J.,* concur.