**Freeda YOKEL, Plaintiff-Appellant,**

v.

**BETA CORPORATION, Defendant-Respondent.**

**No. 42796.**

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 17, 1981.

Harry J. Nichols, St. Louis, for plaintiff-appellant.

C. Lawrence Mueller, St. Louis, for defendant-respondent.

SNYDER, Judge.

■ This action is the result of conflicting interpretations of § 287.470 of the Missouri Worker's Compensation Act, Chapter 287, RSMo 1978.[1] The circuit court affirmed the order of the Labor and Industrial Relations Commission (Commission) which denied the employee's petition to reopen her award after the period for the payment of benefits had ended. The em-

---

1. All statutory references are to RSMo 1978 unless otherwise indicated.

ployee [2] appealed, contending that an award may be reopened at any time due to change in condition. Although this may be the practice under the statutes of other states, § 287.470 and Missouri case law do not support the employee's position. The judgment is affirmed.

Appellant Freeda Yokel was accidentally injured on June 2, 1975 in the course of her employment by respondent. A hearing on her claim was held February 2, 1978 before an administrative law judge of the Division of Worker's Compensation. On February 22, 1978 employee was awarded $4,352.40 for permanent partial disability and a $2,511.85 medical allowance. She had previously received $259.07 from the employer. The employer was ordered to pay disability in the amount of $72.54 weekly for the 60 weeks (a total of $4,352.40) from June 30, 1975 to August 23, 1976.

The employee applied for review of this award under § 287.480. The Commission affirmed the administrative law judge's decision July 26, 1978. The entire award was paid and a receipt signed by employee August 21, 1978 was filed with the Division of Worker's Compensation, Department of Labor and Industrial Relations. On October 18, 1978 employee filed a "Petition to Reopen Award and Submit Additional Medical Evidence." The Commission denied the petition on November 29, 1978 for lack of jurisdiction, citing *State ex rel. Saunders v. Missouri Workmen's Compensation Commission*, 333 Mo. 691, 63 S.W.2d 67 (banc 1933) and *Miller v. William C. Johnson & Sons Machinery Co.*, 83 S.W.2d 144 (Mo. App.1935). The narrow issue before the court is whether the Commission has jurisdiction to reopen an award after the payment period under the award has ended. The Commission is not given such jurisdic-

tion in § 287.470. *Ferguson v. Ozark Distributing Co.*, 230 Mo.App. 529, 93 S.W.2d 291, 293[2] (1936); *Miller v. William C. Johnson & Sons Machinery Co., supra* 83 S.W.2d at 146[1–3].

Employee dismisses *Miller v. William C. Johnson & Sons Machinery Company* as a decision "without precedent" which "in fact contradicts the rule of § 287.470 that the Commission may review any award at any time." Employee's arguments in support of overruling *Miller* are not persuasive.

The Worker's Compensation Act, adopted by referendum November 2, 1926, has always included the disputed section. Prior to its construction by the Missouri Supreme Court, § 3340, RSMo 1929 (now § 287.470) was read to permit reopening awards for change of condition even after periodic disability payments had ended. *See Rue v. Eagle-Picher Lead Co.*, 228 Mo.App. 114, 70 S.W.2d 124, 127[4] (1934); *Sei v. A. Guthrie & Company*, 50 S.W.2d 664 (Mo.App.1932), *cert. quashed sub nom. State ex rel. Sei v. Haid*, 332 Mo. 1061, 61 S.W.2d 950 (1933).[3]

In 1933, the Missouri Supreme Court stated:

> "[T]he section [3340] contemplates awards of continuing payments of fixed amounts on issues pending before the commission. They may be ended, or the amounts may be either increased or diminished, at any time during the period or periods fixed for the payments. It is a matter pending with the commission during said time."

*State ex rel. Saunders v. Missouri Workmen's Compensation Commission, supra* 333 Mo. 691, 63 S.W.2d at 69[3]. Since the compensation paid in *Saunders* was held to be the result of a voluntary settlement and not an *award* subject to reopening under § 3340, RSMo 1929, the quoted answer to

---

**2.** The parties will be referred to as employee and employer.

**3.** The courts found no change of condition in *Rue v. Eagle-Picher Lead Co.*, 228 Mo.App. 114, 70 S.W.2d 124, 127[4] (1934) and *Sei v. A. Guthrie & Company*, 50 S.W.2d 664 (Mo.App. 1932), *cert. quashed sub nom. State ex rel. Sei v. Haid*, 332 Mo. 1061, 61 S.W.2d 950 (1933) and so the reopening of the awards did not

result in additional payments to the employees. The supreme court on writ of certiorari determined only that the decision in *Sei v. A. Guthrie & Company, supra*, did not conflict with *Wheeler v. Missouri Pacific Railroad*, 328 Mo. 888, 42 S.W.2d 579, 582 (1931). It did not define the jurisdiction of the commission given in § 3340, RSMo 1929.

the relator's supplementary argument is dictum. But, contrary to employee's contention, this fact does not make the *Saunders* case "inapposite." It was not inappropriate for the court of appeals to follow the supreme court's analysis when it applied § 3340, RSMo 1929 in *Miller v. William C. Johnson & Sons Machinery Company, supra.*

The *Miller* construction of § 3340, RSMo 1929 (now § 287.470) is consistent with the plain meaning of the statutory language in its restriction of review to the period when payments are being made. The section reads:

"Upon its own motion or upon the application of any party in interest on the ground of a change in condition, the commission may at any time upon a rehearing after due notice to the parties interested review any award and on such review may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in this chapter.... No such review shall affect such award as regards any moneys paid."

After periodic payments under an award have ended there is nothing to end, increase or diminish.[4] This interpretation is also consistent with that of other state and federal statutes.[5]

Attempts have been made to extend the review period to cover unforeseen changes of condition. In 1935 the Missouri Bar Association endorsed House Bill 298 which allowed review up to three years after the last payment of compensation. The bill survived committee but died in the House. 6 MBJ 250 (1935). Identical bills in 1937 and 1938 also failed. In 1940 the Missouri Bar Association Committee on Workmen's Compensation was unsuccessful with a similar two-year extension. The passage of

time does not change the fact that the revision, if it is to be made, must be made by the legislature.

Employee's second point relied on urges that denial of her petition was error because the Missouri Worker's Compensation Act is to be liberally construed, not unnecessarily restricted by technical construction and, in case of doubt, questions of interpretation resolved in favor of the employee. The point is ruled against the employee. A finding in favor of the employee in this case would require not a liberal construction, but a misconstruction of the terms of the act.

There was no error of law in the trial court. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976).

The judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.

---

4. Where periodic payments are commuted to a lump sum, the award may be reviewed until the payments would otherwise have ended. *Oard v. Hope Engineering Co.*, 228 Mo.App. 237, 64 S.W.2d 707, 709[2] (1933).

5. *See e. g.* 33 U.S.C. § 922 (Longshoreman's Act). The language of this reopening provision is almost identical to § 287.470. It was amended in 1934 to extend the period of reopening

from the time of the payment period to one year after the date of the last compensation. *New Amsterdam Casualty Co. v. Cardillo*, 108 F.2d 492 (D.C.Cir.1939).

All but nine states limit the time on reopening awards for change of condition. These limits range from the period of the award to ten years after payment ends. 3 Larson, Workmen's Compensation § 81.20.