Herman **BLISSENBACH**, Appellant,

v.

**GENERAL MOTORS ASSEMBLY DIVISION**, Respondent.

No. 56203.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 12, 1989.

---

Jack Randall, Philip M. Hess, St. Louis, Mo., for appellant.

Daniel J. Harlan, St. Louis, Mo., for respondent.

GARY M. GAERTNER, Presiding Judge.

This is an appeal in a worker's compensation case from a decision of the Circuit Court of the City of St. Louis denying appellant's motion for review on grounds of a change of conditions. We remand for an evidentiary hearing.

Appellant, Herman Blissenbach, was injured on September 24, 1973, while employed by General Motors Assembly Division. His claim was tried before an Administrative Law Judge who noted that the parties stipulated and agreed that "in addition to any award issued in favor of the claimant that the claimant shall be afforded continuing medical treatment by the employer." The Judge found appellant permanently partially disabled to the extent of 40% of the body as a whole relating to the L4–L5 and L5–S1 vertebrae. Compensation was ordered in the amount of sixty-five dollars a week for one hundred and sixty weeks.

On June 3, 1987, appellant filed a motion to review the award on grounds of change of condition with the Labor and Industrial Relations Commission.[1] In his motion, appellant claimed that further surgery had been required but that General Motors had passed the bills along to insurance companies to pay. Appellant asked for an order requiring General Motors to pay the bills and for a finding of permanent and total disability.

The Industrial Commission, without an evidentiary hearing, denied the motion due to lack of jurisdiction because the adjudicated period of permanent partial disability had run out and the award was fully paid.[2] The circuit court affirmed on appeal.

The Industrial Commission based its decision on *Miller v. William C. Johnson & Sons Machinery Co.*, 83 S.W.2d 144 (Mo. App., St.L.D.1935) and *Yokel v. Deta Corp.*, 615 S.W.2d 78 (Mo.App., E.D.1981). This decision will be sustained unless "there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Yokel*, 615 S.W.2d at 80.

In *Miller*, the claimant had suffered fractures of both wrists and the right elbow.

---

1. Appellant had filed a previous motion alleging a change of condition in February of 1976. This motion was denied by the Industrial Commission on Nov. 14, 1981 after hearing and this court affirmed. *Blissenbach v. General Motors Assembly Division*, 650 S.W.2d 8 (Mo.App., E.D. 1983).

2. Commissioner Robert Fowler dissented from this decision on the basis that the Commission had continuing jurisdiction, due to the stipulation of the parties, regarding continuing medical treatment.

The referee entered an award based upon a finding of permanent partial disability in both arms. The disability period was to end on or about February 15, 1934. On March 7, 1934, Miller filed an application for review due to changed circumstances alleging "total, permanent, and continuous disability." *Miller*, 83 S.W.2d at 145. The full commission found no change in condition and the circuit court reversed. The court of appeals held that it was error to even consider the merits of the case in that the commission's jurisdiction in the case ended when the compensation was paid out in February. *Id.* at 146.

The same result was reached in *Yokel*. In that case, the payment period ended prior to the application for review of an award and the commission dismissed for lack of jurisdiction. The court of appeals affirmed holding that "after periodic payments under an award have ended there is nothing to end, increase or diminish." *Yokel*, 615 S.W.2d at 80.[3]

As the award was for a period of 160 weeks commencing on April 22, 1975, the respondent claims that the award has been paid out and, as such, *Miller* and *Yokel* must be followed. This would be true if the award was a final award. We note that the record before us does not show that the award was a final award.

In *Weiss v. Anheuser–Busch, Inc.*, the insuror/appellants agreed to furnish the employee "*such further medical attention as might be reasonably considered necessary on account of the injuries from which he is now suffering subject to the approval of the Commission* or to Commission's order relieving insurer from the obligation to furnish such further treatments." 117 S.W.2d 682, 684 (Mo.App., St.L.D.1938). The court held that the agreement to furnish future medical payments made the award a "temporary or partial award, with the Compensation Commission expressly and explicitly retaining jurisdiction over the claim for such future adjustments as might be deemed proper by the Commission." *Id.*

3. See also RSMo § 287.470 (1986).

In the present case the parties stipulated that General Motors would pay "continuing medical treatment." The jurisdiction of the Industrial Commission was, therefore, held open until the 1975 partial/temporary award was made final. RSMo § 287.510 (1986). We thus remand this case for a determination by the Industrial Commission as to whether a final award has been made.

SIMEONE, Senior Judge, and CRIST, J., concur.