

# SUPREME COURT OF MISSOURI
# en banc

STATE ex rel. ISP MINERALS, INC.,   )
   )
            Relator,        )
   )
vs.   )     No. SC94478
   )
THE LABOR AND INDUSTRIAL   )
RELATIONS COMMISSION,   )
   )
           Respondent.   )

Original Proceeding in Prohibition

*Opinion issued July 21, 2015*

ISP Minerals, Inc., (Employer) filed a petition for a writ of prohibition and, alternatively, mandamus, asserting that the Labor and Industrial Relations Commission (commission) lacked jurisdiction to determine the amount owed to Michael Alcorn (Employee) pursuant to a settlement agreement that left future medical care "open." Under the circumstances of this case, the commission may exercise jurisdiction to determine Employee's entitlement to future medical care. The preliminary writ of prohibition is quashed.

## Facts

Employee and Employer settled Employee's claim for workers' compensation benefits arising out of a work-related pulmonary condition. The settlement required

Employer to pay a lump sum of $36,508 for Employee's permanent partial disability. Employer paid the lump sum. With regard to Employee's future medical costs, Employer agreed "to leave future related pulmonary med. care open." The settlement further provided for "[a]uth med. care thru Dr. Jos. Ojile of Cadeaces Corp. in St. Louis, Mo for monitoring care of occ chemical dust induced COPD & bronchial reactivity w/obstructive airway." An administrative law judge approved the settlement pursuant to section 287.390.1.[1]

Employer paid for Employee's medical monitoring as set forth in the settlement. The dispute in this case centers on Employer's refusal to pay for certain inhaler medicines prescribed by Dr. Ojile because Employer's physician determined that the inhalers were unnecessary.

The parties' attempts to resolve the dispute regarding Employee's future medical care resulted in a complex procedural history. As relevant to this writ petition, Employee filed a request for a hearing before the commission to determine whether Employer is required to pay for the inhalers. The commission entered an order concluding that it retained jurisdiction to determine Employer's liability for Employee's future medical care. The order also required the parties to present their evidence in a hearing before the Division of Workers Compensation, which would then make suggested findings to the commission regarding Employer's obligation to provide the prescribed treatment to Employee.

---

[1] Unless otherwise stated, all statutory references are to RSMo Supp. 2013.

Employer filed the instant writ petition asserting that parties' settlement divested the commission of jurisdiction over the issue of Employee's future medical care. The dispositive issue is whether the approved settlement divested the commission of jurisdiction or whether the commission retains jurisdiction to determine Employer's liability for Employee's future medical care.

**Standard of Review**

"Prohibition is a discretionary writ, and there is no right to have the writ issued." *State ex rel. Linthicum v. Calvin*, 57 S.W.3d 855, 856-57 (Mo. banc 2001). "A writ of prohibition will issue to prevent an abuse of discretion, irreparable harm to a party, or an extra-jurisdictional act and may be appropriate to prevent unnecessary, inconvenient, and expensive litigation." *State ex rel. Wyeth v. Grady*, 262 S.W.3d 216, 219 (Mo. banc 2008). "A litigant seeking mandamus must allege and prove that he or she has a clear, unequivocal, specific right to a thing claimed." *State ex rel. Valentine v. Orr*, 366 S.W.3d 534, 538 (Mo. banc 2012) .

**Analysis**

The commission is a statutorily created entity and its jurisdiction and authority is defined solely by statute. *Carr v. North Kansas City Beverage Co*. 49 S.W.3d 205, 207 (Mo. App. 2001). The commission's jurisdiction and authority is defined generally by section 286.060. As pertinent to this case, section 286.060.1(3) provides that "[i]t shall be the duty of the labor and industrial relations commission, and it shall have power, jurisdiction and authority … [t]o have all powers, duties and responsibilities conferred or imposed upon it by the workers' compensation law (chapter 287) …."

3

Section 287.010, et seq., has been the exclusive remedy for employees injured in the course of their employment for more than 90 years. *Lutes v. Schaefer*, 431 S.W.3d 550, 552-553 (Mo. App. 2014). Section 287.120.1 provides that every employer subject to the workers' compensation law "shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident or occupational disease arising out of and in the course of the employee's employment." The primary purpose of the no-fault liability provisions of the workers' compensation law is "to provide a simple and nontechnical method of compensation for injuries sustained by employees through accident arising out of and in the course of employment and to place the burden of such losses on industry." *Lutes,* 431 S.W.3d at 553 (quoting *Herschel v. Nixon*, 332 S.W.3d 129, 133 (Mo. App. 2010) (quoting *Bethel v. Sunlight Janitor Serv.*, 551 S.W.2d 616, 618 (Mo. banc 1977))). When it applies, the workers' compensation law supplants an injured employee's common law right and remedies and exclusively defines the rights and remedies for workplace injuries. *State ex rel. Tri-County Elec. Co-op. Ass'n v. Dial*, 192 S.W.3d 708, 710 (Mo. banc 2006).

Section 287.390.1 authorizes parties to settle workers' compensation claims. The statute provides:

> Parties to claims hereunder may enter into voluntary agreements in settlement thereof, but no agreement by an employee or his or her dependents to waive his or her rights under this chapter shall be valid, nor shall any agreement of settlement or compromise of any dispute or claim for compensation under this chapter be valid until approved by an administrative law judge or the commission, nor shall an administrative law judge or the commission approve any settlement

4

which is not in accordance with the rights of the parties as given in this chapter. No such agreement shall be valid unless made after seven days from the date of the injury or death. An administrative law judge, or the commission, shall approve a settlement agreement as valid and enforceable as long as the settlement is not the result of undue influence or fraud, the employee fully understands his or her rights and benefits, and voluntarily agrees to accept the terms of the agreement.

Employer argues that, when the settlement at issue in this case was approved pursuant to section 287.390.1, the commission was wholly divested of jurisdiction over the matter. According to Employer, Employee's remedy is to enforce the settlement in an action filed in the appropriate circuit court.

There is nothing in the plain language of section 287.390.1 providing that the commission is divested of jurisdiction to determine the extent of a claimant's entitlement to workers' compensation benefits pursuant to a settlement that expressly leaves the issue of future medical care "open" and indeterminate. Nor is there any language in section 287.390.1 barring the parties from entering into what is, in effect, a partial settlement leaving the issue of future medical care open for future determination according to the claimant's medical condition. Employer cites no provision within the workers' compensation law establishing conclusively that the commission lacks jurisdiction to determine Employee's entitlement to workers' compensation benefits for future medical care. Instead, Employer relies on a line of court of appeals decisions, typified by *Mosier v. St. Joseph Lead Co.*, 205 S.W.2d 227 (Mo. App. 1947), and *Shockley v. Laclede Elec. Co-Op.,* 825 S.W.2d 44 (Mo. App. 1992), holding that an approved workers'

5

compensation settlement disposes of the claim for workers' compensation benefits and, therefore, divests the commission of jurisdiction. These cases are not dispositive.

In *Mosier*, the claimant settled his workers' compensation claim for a lump sum with no provision for future medical care. 205 S.W.2d at 229. The claimant acknowledged that "the employer would be released from any obligation to provide [future medical care], and the matter of securing and paying for any such medical aid would be his own personal responsibility." *Id.* After the settlement was finalized and approved, the claimant "filed a motion with the Commission asking for an order setting aside the compromise settlement and granting him additional medical, surgical, and hospital treatment" to treat the injuries that were the subject of the settlement agreement. *Id*. at 230. The commission determined that it lacked jurisdiction because the claimant had not timely filed an application for review with the commisison. *Id.* The court of appeals affirmed the circuit court's judgment affirming the order of the commission. The court's conclusion that the commission lacked jurisdiction was not based on the fact that the employee did not timely file an application for review. Instead, the court held that, when a workers' compensation claim is settled, "the whole of the parties' respective rights and liabilities were disposed of once and for all, and the commission could thereafter acquire no jurisdiction to act under the provisions of" the Workers' Compensation Law. *Id.* at 233.

Similarly, in *Shockley v. Laclede Elec. Co-Op.,* 825 S.W.2d 44 (Mo. App. 1992), the claimant settled his workers' compensation claim pursuant to section 287.390 for a lump sum. *Id.* at 45. The claimant further agreed that "he understands that by agreeing

6

to this settlement, he is forever closing out his claim under the Missouri Workers' Compensation Law, and that he will receive no further compensation or medical aid by reason of this alleged accident …." *Id*. at 46. The claimant then filed an amended claim for workers' compensation benefits. The commission determined that it lacked jurisdiction. The court of appeals affirmed because, "[w]hen a settlement is approved, 'the jurisdiction of the Commission is exhausted, and the matter is at an end so far as the Commission is concerned.'" *Id*. at 47 (quoting *Mosier*, 205 S.W.2d at 232). The court noted that the claimant's remedy was in a court of equity on proof of fraud or mistake. *Id*. at 46.

The settlements at issue in *Mosier*, *Shockley* and similar cases are materially different than the settlement at issue in this case. *Mosier* and *Shockley* involved lump sum settlements in which the claimants expressly forfeited any claim to additional compensation for future medical care. In both cases, the claimants, after fully and finally settling their claims, requested that the commission award additional benefits. As such, the claimants in *Mosier* and *Shockley* were essentially requesting that the commission relieve them of their settlement obligations. In this case, however, the settlement agreement expressly left the issue of future medical care "open" and subject to future determination based on Employee's evolving medical needs. While *Mosier*, *Shockley* and similar cases establish that the commission is divested of jurisdiction when the parties enter into a lump sum settlement that conclusively establishes the parties' respective obligations and leaves nothing for future determination, these cases are not dispositive of the issue in this case.

7

Unlike the claimants in *Mosier* and *Shockley*, Employee is not seeking relief from the settlement or to amend the settlement to obtain additional compensation above that to which was agreed. Instead, Employee is seeking to determine whether he is entitled to benefits pursuant to the settlement which expressly left "future related pulmonary med[ical] care open." Employee's claim is essentially a claim for a determination of the workers' compensation benefits for future medical care to which Employee is entitled pursuant to section 287.140.1.[2] The determination of a claimant's benefits for future medical care pursuant to section 287.140.1 is generally considered to be an issue that is "within the exclusive province of the Division of Workers' Compensation." *State ex rel. Rival Co. v. Gant*, 945 S.W.2d 475, 477 (Mo. App. 1997) (quoting *State ex rel. Standard Register Co. v. Mummert*, 880 S.W.2d 925, 926 (Mo. App. 1994)). Adopting Employer's argument and holding that the commission has no jurisdiction to determine the nature and extent of Employee's future workers' compensation medical benefits would amount to requiring the circuit court to determine the amount of Employee's workers' compensation benefit.[3] This result is not compelled by the plain language of section 287.390.1, is inconsistent with the commission's exclusive role in determining the amount of workers'

---

[2] In pertinent part, section 287.140.1 provides that, "[i]n addition to all other compensation paid to the employee under this section, the employee shall receive and the employer shall provide such medical, surgical, chiropractic, and hospital treatment, including nursing, custodial, ambulance and medicines, as may reasonably be required after the injury or disability, to cure and relieve from the effects of the injury."

[3] The lack of a specific agreement regarding Employer's liability for future medical costs leaves nothing for a circuit court to construe or enforce. This fact supports the conclusion that the commission retains exclusive jurisdiction to determine Employer's liability for future medical costs pursuant to the workers' compensation law.

compensation benefits, and is contrary to the goal of providing a simple and non-technical method of compensation for workplace injuries.

Adopting Employer's argument would also create unwarranted inconsistency in the treatment of partial awards as determined by the commission and a partial settlement approved pursuant to section 287.390.1. In *Weiss v. Anheuser-Busch, Inc*., 117 S.W.2d 682, 683 (Mo. App. 1938), the commission entered a "final award" on the claimant's workers' compensation claim. The record also demonstrated that employer agreed to furnish the employee "such further medical attention as might be reasonably considered necessary on account of the injuries from which he is now suffering subject to the approval of the commission or to commission's order relieving insurer from the obligation to furnish such further treatments." *Id.* at 684. The court of appeals held that by leaving the extent and scope of future medical care open and indeterminate, the settlement was akin to a partial award that left the commission with "jurisdiction over the claim for such future adjustments as might be deemed proper by the Commission." *Id*. at 685-686.

Similarly, in *Blissenbach v. General Motors Assembly Div*., 776 S.W.2d 889, 891 (Mo. App. 1989), an administrative law judge entered a permanent partial disability award for the claimant. The parties stipulated that the employer would pay for the claimant's "continuing medical treatment." The court of appeals held that the provision for indeterminate or open future medical care meant that the commission retained jurisdiction until the parties' obligations under the settlement were finalized. *Id.*

Although this case involves a settlement pursuant to section 287.390 and not an award, the posture of this case is more similar to *Weiss* and *Blissenbach* than to *Mosier* and *Shockley*. Like the awards at issue in *Weiss* and *Blissenbach*, the settlement in this case left the issue of Employee's entitlement to compensation for future medical care indeterminate and "open." As in *Weiss* and *Blissenbach*, the commission retains jurisdiction to determine Employee's "open" claim regarding the extent of Employer's liability for future medical benefits pursuant to the workers' compensation law. The fact that the commission retains jurisdiction to determine Employee's claim for future medical benefits is confirmed by section 287.801, which provides that "only administrative law judges, the commission and the appellate courts of this state shall have the power to review claims filed under this chapter."

Employer asserts that Employee can file an action to enforce the award in the circuit court pursuant to section 287.500.[4]   Although section 287.500 authorizes a circuit court to enter a judgment on a final workers' compensation award as if it were an original judgment of the court, the statute affords no discretion to the court in entering a judgment.  *Roller v. Steelman*, 297 S.W.3d 128, 134 (Mo. App. 2009) (citing *Cochran v. Travelers Insurance Co.*, 284 S.W.3d 666, 667 (Mo. App. 2009)).  A section 287.500 action is purely ministerial as it does not involve the merits of the award and the court does not determine any outstanding factual issues.  *Id.*  Limiting Employee to a section 287.500 action would leave the issue of Employee's future medical care unresolved.

Alternatively, Employer asserts that Employee can file an action in the circuit court seeking specific performance or a declaratory judgment to determine Employer's

---

[4] Section 287.500 provides:

> Any party in interest may file in the circuit court of the county in which the accident occurred, a certified copy of a memorandum of agreement approved by the division or by the commission or of an order or decision of the division or the commission, or of an award of the division or of the commission from which an application for review or from which an appeal has not been taken, whereupon said court shall render judgment in accordance therewith and notify the parties.  Such judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though said judgment were a final judgment which had been rendered in a suit duly heard and determined by said court.  Any such judgment of said circuit court unappealed from or affirmed on appeal or modified in obedience to the mandate of the appellate court, whenever modified on account of a changed condition under section 287.470, shall be modified to conform to any decision of the commission, ending, diminishing or increasing any weekly payment under the provisions of section 287.470 upon the presentation to it of a certified copy of such decision.

liability for future medical care. Employer cites no case in which this procedure has been required or utilized. Further, as noted, requiring a claimant to file an action in the circuit court to determine Employer's liability for future medical care is wholly inconsistent with the commission's jurisdiction to determine the liability under the workers' compensation law.

The preliminary writ is quashed.

_____
Richard B. Teitelman, Judge

Breckenridge, C.J., Stith, Draper and
Russell, JJ., concur; Fischer and
Wilson, JJ., concur in result.