

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| SCOTT DAVIDSON, | ) | |
| | ) | |
| Appellant, | ) | WD82573 |
| | ) | |
| v. | ) | OPINION FILED: |
| | ) | September 24, 2019 |
| DAVIDSON MASONRY & | ) | |
| CONSTRUCTION, LLC, | ) | |
| | ) | |
| Respondent. | ) | |

### Appeal from the Labor and Industrial Relations Commission

Before Division Three: Gary D. Witt, Presiding Judge, Edward R. Ardini, Jr., Judge and
Thomas N. Chapman, Judge

Appellant Scott Davidson ("Davidson") appeals from an order of the Labor and Industrial Relations Commission ("Commission") dismissing Davidson's application to review his injury settlement with Davidson Masonry & Construction, LLC ("Davidson Masonry") and its insurer, Grinnell Mutual Reinsurance Co. ("Grinnell Mutual"). Davidson alleges that the Commission erred in finding that it was not authorized to review the settlement despite Davidson's allegation that it was fraudulently obtained. We affirm.

## Factual and Procedural Background

Davidson fractured his right ankle on October 29, 2016, while working on a jobsite for his employer, Davidson Masonry. As a result, Davidson underwent surgery that included implanting screws and hardware into his ankle. Davidson filed a timely claim for workers' compensation benefits. Davidson's surgeon released him from treatment and found that he had reached maximum medical improvement. Following that release, on September 27, 2018, Davidson along with counsel representing both Davidson Masonry and Grinnell Mutual appeared before an Administrative Law Judge ("ALJ") seeking approval of a proposed settlement between the parties.

Davidson appeared *pro se* at the settlement conference although the ALJ's notes reflect that Davidson stated he had talked with an attorney prior to the conference. The ALJ conducted a hearing, which included placing Davidson under oath and asking standard questions to determine if he understood the nature of the settlement and did in fact agree to its terms. At the conclusion of the hearing the ALJ approved a Stipulation for Compromised Settlement ("Settlement") signed by Davidson and counsel for Davidson Masonry and Grinnell Mutual. Under the Settlement, Davidson received a lump sum settlement of $11,097.92. The Settlement provided that it left "medical open for removal of screws and hardware" which the parties agreed would occur at a later date and would be paid for by Davidson Masonry/Grinnell Mutual.

On October 11, 2018, an attorney entered his appearance as counsel for Davidson and filed a Motion to Set Aside Settlement Agreement ("Motion"), alleging that Grinnell Mutual had intentionally misrepresented the applicable temporary total disability rate, thus

2

fraudulently induced Davidson to settle for less than he was entitled.  A conference call was held with the ALJ and counsel for the parties on October 15, 2018, during which the ALJ advised the parties that he retained no jurisdiction to address the Motion.

Following the conference call, Davidson filed an Application for Review with the Commission, again asserting that the Settlement should be set aside because it was induced by fraud.  On October 25, 2018, counsel for Davidson Masonry and Grinnell Mutual filed an Answer to Application for Review asserting that the Commission lacked jurisdiction to review the Settlement.

On January 30, the Commission entered an order stating that it was "not authorized to consider employee's application for review," and that the Application for Review was therefore dismissed.  This appeal followed.

## Standard of Review

"The commission is a statutorily created entity and its jurisdiction and authority is defined solely by statute." *State ex rel. ISP Minerals, Inc. v. Labor and Indus. Relations Comm'n*, 465 S.W.3d 471, 473 (Mo. banc 2015).  "Decisions of the Commission in workers' compensation proceedings that are clearly an interpretation or application of law, as distinguished from a determination of fact, are not binding upon [the court of appeals] and fall within [the appellate court's] province of review and correction." *Shockley v. Laclede Elec. Co-op.*, 825 S.W.2d 44, 46 (Mo. App. S.D. 1992) (quoting *West v. Posten Const. Co.*, 804 S.W.2d 743, 744 (Mo. banc 1991)).  This Court has authority pursuant to

3

section 287.495.1(1)[1] to review whether the Commission acted within its statutory powers. Section 287.495.1(1). Whether the Commission acted within its statutory powers is a question of law which this Court reviews *de novo*. *Treasurer of State-Custodian of Second Injury Fund v. Witte*, 414 S.W.3d 455, 460 (Mo. banc 2013).

## Discussion

In finding that it lacked statutory authority to review the Settlement, the Commission relied on *Shockley v. Laclede Electric Cooperative*, 825 S.W.2d 44 (Mo. App. S.D. 1992). In *Shockley* the employee entered into a settlement with his employer following a workplace injury. *Id.* at 45. The settlement was approved by an administrative law judge. *Id.* at 46. Nearly two years later, Shockley filed an amended claim for benefits seeking to reopen his claim requesting additional benefits based on the claim that had been previously settled. *Id.* at 45. The Commission denied review stating that it lacked jurisdiction to review settlement; Shockley appealed. *Id.* at 46. The Southern District of this Court agreed with the Commission's finding that "[w]hen a settlement is approved, 'the jurisdiction of the Commission is exhausted, and the matter is at an end so far as the Commission is concerned." *Id.* at 47 (quoting *Mosier v. St. Joseph Lead Co.*, 205 S.W.2d 227, 232 (Mo. App. 1947).

> Decisions of the court of appeals are, of course, consistent with the foregoing principles. Any relief from a settlement approved by the commission under § 287.390 can be had only in a court of equity on proof of fraud or mistake. *Ley v. St. Louis County*, 710 S.W.2d 493, 495–496 (Mo.App.1986); *Trokey v. United States Cartridge Co.*, 222 S.W.2d 496, 501[1] (Mo. App.1949); *Mosier v. St. Joseph Lead Co.,* 205 S.W.2d 227, 232[11] (Mo. App.1947); *Bliss v. Lungstras Dyeing & Cleaning Co.*, 130 S.W.2d 198, 201[3] (Mo.

---

[1] All statutory citations are to RSMo 2016 as currently updated, unless otherwise noted.

App.1939). The required showing, in an equity action, is fraud or mistake in the very act of obtaining the order of approval of the compromise. *Ley v. St. Louis County*, *supra*, at 496. The commission has no power to expound any principle of law or equity. *Bliss v. Lungstras Dyeing & Cleaning Co.*, *supra*, at 201[4]. A settlement, when approved by the commission, is conclusive and irrevocable. *Haase v. New Hampshire Ins. Co.*, 795 S.W.2d 543, 545[3] (Mo. App.1990).

*Shockley*, 825 S.W.2d at 47. Davidson Masonry argues in its brief and at oral argument that *Shockley* is controlling and the sole jurisdiction to review a claim of fraud in settlement is with the circuit court. We agree.

Davidson argues that the present case is distinguishable from *Shockley* because, unlike the settlement in *Shockley* which was closed and final in all respects, the Settlement before the Commission in this case was left open as to future medical costs and is, therefore, more closely analogous to the case of *State ex rel. ISP Minerals, Inc. v. Labor and Industrial Relations Commission*, 465 S.W.3d 471 (Mo. banc 2015). In *ISP Minerals, Inc.*, the parties had entered into a settlement but agreed "to leave future related pulmonary med. care open." *Id.*at 472. Following the settlement, the employer refused to pay for certain inhaler medicines prescribed to employee. *Id.* The employee requested a hearing before the commission to resolve the dispute and the commission entered an order finding that it retained jurisdiction to determine the employer's liability for future related pulmonary care. *Id.* The employer filed a writ with the Missouri Supreme Court seeking to prohibit the commission from hearing the case due to lack of jurisdiction. *Id.*

The Missouri Supreme Court found that the settlement in *ISP Minerals, Inc.* was materially different from the settlements in *Shockley* and other similar cases such as *Mosier v. St. Joseph Lead Co.*, 205 S.W.2d 227, 232 (Mo. App. 1947) (relied on by *Shockley* and

5

holding that the commission has no jurisdiction to review final settlements). *Id.* at 475. Those cases "involved lump sum settlements in which the claimants expressly forfeited any claim to additional compensation for future medical care." *Id.* "In both [*Shockley* and *Mosier*], the claimants, after fully and finally settling their claims, requested that the commission award additional benefits." *Id.* They were "essentially requesting that the commission relieve them of their settlement obligations." *Id.* In contrast, in *ISP Minerals, Inc.*, the parties sought determination regarding the cost of medical care that was expressly left open by the settlement. The Court found "the commission retains jurisdiction to determine [e]mployee's 'open' claim regarding the extent of [e]mployer's liability for future medical benefits pursuant to the workers' compensation law." *Id.* at 476.

Davidson argues that the present action is more akin to *ISP Minerals, Inc.* than *Shockley* because the Settlement here leaves open the issue of future medical to pay for the removal of screws and hardware from Davidson's ankle. If the present dispute was related to the issue of the open future medical that might be the case. However, Davidson seeks not to address a dispute as to an issue left open by the Settlement; he seeks to divest himself of the Settlement completely due to allegations of fraud in the inducement of the settlement. *ISP Minerals, Inc.* and its attendant cases[2] do not stand for the proposition that the Commission has authority to review all issues which may arise as to settlements which contain some open future issues. Instead, *ISP Minerals, Inc.* expressly states that the "[e]mployee is seeking to determine whether he is entitled to benefits pursuant to the

---

[2] *See Weiss v. Anheuser-Busch, Inc.*, 117 S.W.2d 682 (Mo. App. 1938); *Blissenbach v. General Motors Assembly Div.*, 776 S.W.2d 889 (Mo. App. E.D. 1989).

6

settlement which expressly left 'future related pulmonary med[ical] care open.'" *Id.* at 475. In that case, the issue brought before the Commission for review was the issue specifically left open for future determination. Such is not the case here. Davidson seeks the Commission's review of whether the Settlement should be set aside in its entirety because of the allegation that it was obtained fraudulently based on an improper rate of temporary total disability. This issue is not tangentially or even tenuously related to the future medical care issue left open. We find that *Shockley* is not distinguishable on the issue before us and is directly controlling. "Any relief from a settlement approved by the commission under § 287.390 can be had only in a court of equity on proof of fraud or mistake." *Shockley*, 825 S.W.2d at 47. The Commission lacked authority to hear Davidson's claim of fraud and it instead must be brought in circuit court.

Davidson further asks that this Court look to *Roth v. LaSociete Anonyme Turbomeca France*, 120 S.W.3d 764 (Mo. App. W.D. 2003) for a frame work of how this case should be treated. While certainly *Roth* represents a case in which parties sought to set aside an insurance settlement based on fraud, it does not address the jurisdictional question before this Court. *Roth* was an action brought in the circuit court claiming that plaintiffs were fraudulently induced to settle their original suit also brought in circuit court. *Id*. at 769. The case before this Court hinges on the authority of the Commission to hear the claim. As noted above, the authority of the Commission is statutorily defined. We cannot expand that authority, we may only determine whether Davidson's action fits within it. We find it does not.

7

The Commission had no authority to review Davidson's Motion and did not err in dismissing his application for review.

## Conclusion

For the reasons stated above, we affirm.

_____
Gary D. Witt, Judge

All concur