

# Missouri Court of Appeals
## Southern District
### Division Two

| | | |
|---|---|---|
| CHARLES RITCH, | ) | |
| | ) | |
| Claimant-Appellant, | ) | |
| | ) | |
| v. | ) | No. SD36435 |
| | ) | Filed: March 16, 2020 |
| PROFESSIONAL TRANSPORTATION, INC., | ) | |
| | ) | |
| Employer-Respondent, | ) | |
| | ) | |
| and TREASURER OF THE STATE OF MISSOURI, CUSTODIAN OF THE SECOND INJURY FUND, | ) | |
| | ) | |
| Respondent. | ) | |

## APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

### **AFFIRMED**

Charles Ritch (Employee) appeals from a decision by the Labor and Industrial Relations Commission (Commission) that dismissed Employee's petition to change or review a compromise settlement (the Petition). The Petition alleged that Employee's worsening condition meant "the award of 31% of the body as a whole is no longer reasonable and should be increased[.]" The Commission dismissed the Petition for lack of statutory authority to consider it. The Commission's decision was correct and is affirmed.

Employee suffered a back injury at work on June 11, 2014. He filed a claim on November 30, 2015. On April 17, 2017, a compromise settlement of the claim was approved by an administrative law judge (ALJ). The settlement acknowledged that Employee's medical expenses of $115,270.44 had been paid and that he had received $14,036.50 for temporary disability. Because the parties disputed the nature and extent of permanent partial disability, they agreed to a compromise lump-sum settlement pursuant to § 287.390.[1] Employee received $26,000, which was based upon an approximate disability of 31% of the "body as a whole (spine)." The claim was left open as to future medical treatment/expense. Employee signed the compromise settlement. In relevant part, this document informed Employee:

> THE EMPLOYEE UNDERSTANDS: by entering this settlement, … the EMPLOYEE is forever closing out this claim under the Missouri Workers' Compensation Law; that EMPLOYEE will receive no further compensation … by reason of this accident/disease[.]

On August 7, 2019, Employee filed the Petition, which was entitled "PETITION TO CHANGE OR REVIEW AWARD UNDER RSMO. 287.470[.]" In relevant part, the Petition alleged that Employee's condition had worsened since the compromise settlement was approved. Paragraph 9 of the Petition then alleged: "Because of the worsening condition the award of 31% of the body as a whole is no longer reasonable and should be increased" pursuant to § 287.470. The Petition concluded with a request for the following relief: "WHEREFORE, [Employee] prays that the disability under the award be increased."

---

[1] All references to statutes are to RSMo (2016).

The Commission decided that § 287.470 did not provide statutory authority to review and change a compromise settlement approved by an ALJ.  Therefore, it dismissed the Petition.  This appeal followed.

Employee's point on appeal challenges the Commission's decision concerning its statutory authority to review the Petition on the merits.  This is a question of law which we review *de novo*.  *See **Spradling v. SSM Health Care St. Louis***, 313 S.W.3d 683, 686 (Mo. banc 2010); ***Morris v. Captain D's***, 537 S.W.3d 420, 423 (Mo. App. 2018).  Employee contends the Commission did have statutory authority to award additional compensation to Employee pursuant to § 287.470 because his compromise settlement left future medical treatment/expense open.  Employee's argument is not supported by the language of that statute, which states:

> Upon its own motion or upon the application of any party in interest on the ground of a change in condition, the commission may at any time upon a rehearing after due notice to the parties interested review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this chapter, and shall immediately send to the parties and the employer's insurer a copy of the award.  No such review shall affect such award as regards any moneys paid.

§ 287.470.  Employee's argument assumes that the reference to "any award" includes a compromise settlement.  That is incorrect.  As this Court held in ***Shockley v. Laclede Elec. Co-op.***, 825 S.W.2d 44 (Mo. App. 1992), "[a] settlement under § 287.390 is not an award which is subject to review under § 287.470." ***Id***. at 47.  Instead, a compromise settlement must be approved by an ALJ or the Commission pursuant to § 287.390.  In relevant part, this statute states:

> Parties to claims hereunder may enter into voluntary agreements in settlement thereof, but no agreement by an employee or his or her dependents to waive his or her rights under this chapter shall be valid, nor

3

shall any agreement of settlement or compromise of any dispute or claim for compensation under this chapter be valid until approved by an administrative law judge or the commission, nor shall an administrative law judge or the commission approve any settlement which is not in accordance with the rights of the parties as given in this chapter. No such agreement shall be valid unless made after seven days from the date of the injury or death. An administrative law judge, or the commission, shall approve a settlement agreement as valid and enforceable as long as the settlement is not the result of undue influence or fraud, the employee fully understands his or her rights and benefits, and voluntarily agrees to accept the terms of the agreement.

§ 287.390.1. Once a compromise settlement has been approved, the Commission lacks the statutory authority to set it aside. *Shockley*, 825 S.W.2d at 47.

Employee argues that the Commission had the statutory authority to review the Petition because the compromise settlement left future medical treatment/expense open. To support that argument, Employee cites *State ex rel. ISP Minerals, Inc. v. Labor & Indus. Relations Comm'n*, 465 S.W.3d 471 (Mo. banc 2015).

We conclude that *ISP Minerals, Inc.* is factually distinguishable. In *ISP Minerals, Inc.*, our Supreme Court held that the Commission had the authority to determine the employee's entitlement to future medical care because that aspect of the claim was left open. *Id*. at 474-75.

The instant case is different because Employee is not asking the Commission to decide his entitlement to future medical care. Instead, he is asking the Commission to set aside the prior compromise settlement and award him a higher percentage of permanent partial disability based upon his asserted worsening condition. We conclude the Commission lacks the statutory authority to do so. The *ISP Minerals, Inc.* case does not stand for the proposition that the Commission has the statutory authority to review all issues which may arise in a compromise settlement that contains some open future issue,

as explained in ***Davidson v. Davidson Masonry & Constr., LLC***, 583 S.W.3d 517 (Mo. App. 2019):

> Instead, *ISP Minerals, Inc.* expressly states that the "[e]mployee is seeking to determine whether he is entitled to benefits pursuant to the settlement which expressly left 'future related pulmonary med[ical] care open.'" *Id.* at 475. In that case, the issue brought before the Commission for review was the issue specifically left open for future determination. Such is not the case here. Davidson seeks the Commission's review of whether the Settlement should be set aside in its entirety because of the allegation that it was obtained fraudulently based on an improper rate of temporary total disability. This issue is not tangentially or even tenuously related to the future medical care issue left open.

*Id*. at 520-21. We reach the same conclusion here. Employee is not asking the Commission to decide an issue of future medical care. Instead, he is asking the Commission to set aside the compromise settlement and increase the rating of 31% body as a whole for permanent partial disability. The Commission has no statutory authority to do so, so it properly dismissed the Petition.

Employee's point is denied, and the Commission's decision is affirmed.

JEFFREY W. BATES, C.J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCUR

DON E. BURRELL, J. – CONCUR

5